UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SISTERS FOR LIFE, INC., et al.                                          Plaintiffs

v.                                                                              Civil Action No. 3:21-cv-367-RGJ

LOUISVILLE-JEFFERSON COUNTY                                   Defendants
METRO GOVERNMENT, et al.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion to Vacate Jury Trial, Alter and Advance Case Schedule and Set Bench Trial filed by Sisters for Life, Inc. ("Sisters"), Angela Minter ("Minter"), and Kentucky Right To Life Association, Inc. (collectively "Plaintiffs"). [DE 30]. Defendants Louisville/Jefferson Country Metro Government ("Metro Government"), Mayor Greg Fischer, Chief Erika Shields, and Mike O'Connell (collectively "Defendants") responded, [DE 32], and Plaintiffs replied. [DE 33]. This matter is ripe. For the reasons below, Plaintiffs' Motion to Vacate Jury Trial, Alter and Advance Case Schedule and Set Bench Trial [DE 30] is **GRANTED in part** and **DENIED in part**.

I.     DISCUSSION

1. *Motion to Vacate Jury Trial and Set Bench Trial*

Plaintiffs move the Court to vacate the jury trial that is scheduled for November 7, 222 and to instead set a bench trial, preferably in "June, July, or August, 2022 depending on the Court's availability." [DE 30 at 1508]. Plaintiffs contend that, because they have withdrawn their nominal damages claim, a jury trial is no longer appropriate. [*Id.*]. Defendants agree. [DE 32 at 1514].

Setting a bench trial in lieu of a jury trial is appropriate here because Plaintiffs are now asking for injunctive relief only. [DE 30 at 1508]. *See Leary v. Daeschner,* 349 F.3d 888, 910

1

(6th Cir. 2003) (citing *Hildebrand v. Bd. of Tr. of Mich. State Univ.*, 607 F.2d 705 (1979), *cert. denied*, 456 U.S. 910 (1982) and *Curtis v. Loether*, 415 U.S. 189 (1974)).

Accordingly, Plaintiffs' Motion to Vacate Jury Trial and Set Bench Trial [DE 30] is **GRANTED in part** and the case will proceed as a bench trial.

2. *Motion to Advance Case Schedule*

Plaintiffs seek advancement of Defendants' identification of experts, the dispositive motion date, and the trial date. [DE 33 at 1532]. They argue that discovery should be expedited here because they are experiencing ongoing, irreparable harm, specifically a violation of their rights "by operation of an ordinance that they challenge." [DE 30 at 1508]. Defendants argue that discovery should not be expedited because they have filed a Motion to Consolidate with *Harpring et al., v. Louisville/Jefferson County Metro Government,* Case No. 3:21-cv-00691-RGJ. [DE 32 at 1513-14].

Within the Sixth Circuit, expedited discovery is limited to circumstances in which there is "good cause." *See, e.g., Obeidallah v. Anglin,* No. 2:17cv-720, 2017 WL 5192925, at *2 (S.D. Ohio, Nov. 9, 2017) *and Arab Am. Civil Rights League v. Trump,* No. 17-10310, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017). The burden of demonstrating good cause is on the party seeking the expedited discovery. *5ifth Element Creative, LLC v. Kirsch,* No. 5:10-cv-255-KKC, 2010 WL 4102907, at *2 (E.D. Ky. Oct. 18, 2010); *Ky. CVS Pharmacy v. McKinney*, No. 5:13–cv–25–KSF, 2013 WL 1644903, at *1 (E.D.Ky. Apr.16, 2013). Courts have found that good cause exists "'when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances.'" *Skylink Ltd. v. UniTek Glob. Servs., Inc.*, No. 3:13-CV-02103, 2014 WL 104896, at *1 (N.D. Ohio Jan. 9, 2014) (citing 6 Moore's Federal Practice § 26.121[2]

(3d ed.2013)). Good cause has been found in narrow circumstances, such as those involving information necessary for a preliminary injunction. *5ifth Element*, 2010 WL 4102907 at *2. Ordering an expedited discovery schedule is within the Court's discretion. *Kentucky CVS Pharmacy*, 2013 WL 1644903, at *1 (citing Fed. R. Civ. P. 26(d)).

The Court has granted the Motion to Consolidate in *Harpring*, and thus refers the Motion to Advance to Magistrature Judge Lindsay for an expedited scheduling order. Because of the nature of the constitutional rights at issue, the limited nature of the discovery necessary for a trial on this matter and the preliminary injunction requested in the *Harpring* Case, good cause has been shown to expedite discovery to some degree (although not necessarily to the degree requested). These two cases are at slightly different stages of litigation and discovery will now proceed in both cases simultaneously.[1] This Court leaves it to the discretion of the Magistrate Judge to craft an appropriate scheduling order that takes into account the need to expedite discovery as well as the different stages of the two cases at the time of consolidation. Accordingly, Plaintiffs' Motion to Advance Case Schedule [DE 30] is **GRANTED in part and DENIED in part**.

---

[1] Plaintiffs argue that the cases that are being consolidated "are in totally different phases of the cases." [DE 33 at 1531]. However, the Sisters case is still in the discovery phase, and the Harpring case has been referred to a Magistrate Judge for a scheduling order for discovery. Additionally, because of the significant factual and legal overlap between the two cases, the consolidation should significantly abbreviate the discovery period in that case. Furthermore, even though actions are at different stages of discovery, it does not preclude consolidation. *See, e.g., Forest Lab'ys, Inc. v. Caraco Pharm. Lab'ys, Ltd.*, No. 06-CV-13143, 2009 WL 10680845, at *1 (E.D. Mich. Feb. 13, 2009).

## II. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Plaintiffs' Motion to Vacate Jury Trial and Set Bench Trial [DE 30] is **GRANTED.**

(2) Plaintiffs Motion to Advance Case Schedule [DE 30] is **GRANTED in part and DENIED in part**.

(3) This matter is **REFERRED** to Magistrate Judge Lindsay for hearing on and entry of an expedited scheduling order.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

January 6, 2022

Cc: Counsel of record

4