UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:21-CV-00367-RGJ-CHL

SISTERS FOR LIFE, INC., et al.,                                            Plaintiffs,

v.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, et al.,                                            Defendants.

## ORDER

The undersigned held a telephonic status conference in this matter on January 7, 2022.

Participating were the following:

FOR PLAINTIFFS:          Christopher D. Wiest; Thomas B. Bruns; Francis Manion

FOR DEFENDANTS:          John F. Carroll; Natalie Johnson

COURT REPORTER:          Dena Legg

The Court set this call at the request of counsel for Defendants to discuss a discovery

dispute between them regarding the Fed. R. Civ. P. 30(b)(6) deposition of Defendant Louisville-

Jefferson County Metro Government scheduled for January 11, 2022.  In light of the Court's order

on consolidation, all parties, including the newly consolidated Plaintiffs, indicated that they are

prepared to proceed with that deposition as scheduled.  Counsel for Plaintiffs Harpring and Kenney

indicated that counsel for the remaining Plaintiffs had already shared the discovery completed to

date in the *Sisters* case with him and requested that Defendants' counsel also share their discovery

file to enable the Plaintiffs Harping and Kenney to get up to speed with what discovery has already

been conducted.

District Judge Rebecca Grady Jennings referred this matter to the undersigned for "hearing

on and entry of an expedited scheduling order."  (DN 35, at PageID # 1537.)  During the call,

counsel for Harpring and Kenney indicated a general willingness to be bound by the schedule already established for the *Sisters* action but requested an additional thirty days for discovery.  As it appeared the parties were prepared to discuss changes to the schedule, the undersigned and the parties addressed the current deadlines, including Defendant's request to extend their expert disclosure deadline until after the close of any fact discovery.  Based on the discussion during the call and pursuant to Fed. R. Civ. P. 16, the deadlines set forth below shall be observed in these consolidated actions.  Plaintiffs indicated a desire to move this action forward as expeditiously as possible, and Defendants did not oppose.  In keeping with that desire, the parties are advised that the deadlines set by the Court below are "no later than" deadlines, not "no earlier than" deadlines and that they are free to move as expeditiously as they desire within the confines of their own schedules and the tasks to be accomplished.

Based on the Plaintiffs' expressed desire for an earlier trial date, the Court subsequently exchanged e-mails with the Parties regarding a potential earlier trial date.  Given defense counsel's trial schedule, the Court will leave the original trial date from the *Sisters* action intact and set this matter for a two-day bench trial.

Accordingly,

IT IS HEREBY ORDERED as follows:

(1)     **Fact Discovery**.

    a)  To the extent not already completed, initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than January 21, 2022;

    b)  The parties are under a continuing duty under Rule 26(e) to supplement their disclosures and responses whenever reasonably appropriate;

    c)  The parties shall complete all fact discovery no later than February 28, 2022.

(2)    **Expert Discovery**.

    a)  Identification of experts in accordance with Rule 26(a)(2) shall be due:

        i.  By Plaintiff(s):       no later than January 31, 2022;

        ii.  By Defendant(s):     no later than March 14, 2022.

    b)  At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided.

    c)  All expert discovery shall be completed by April 11, 2022.

(3)    **Joint Status Report and Conference at the Close of Discovery**. By no later than February 17, 2022, the parties shall file a joint status report with the Court regarding their progress in discovery that includes the parties' positions on mediation. A telephonic status conference is scheduled for February 24, 2022, at 10:30 a.m. before the Honorable Colin H. Lindsay, United States Magistrate Judge. Counsel shall connect to the conference by dialing 1-888-808-6929, access code 2773744.

(4)    **Dispositive and Expert Motions**. No later than April 29, 2022, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

(5)   **Pretrial Conference**. This matter is assigned for a Pretrial Conference before the trial judge on **October 25, 2022, at 2:30 p.m.** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

a)   No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

i.   a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3).  The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B).  The witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

ii.   an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3).  The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

iii.   any appropriate motions *in limine*;

iv.   the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is**

4

**not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**; and

    v.  a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law.

b)  **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

    i.  written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

    ii.  responses to any other party's motion *in limine*; and

    iii.  responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

c)  At the Pretrial Conference, counsel for the parties shall be prepared to:

    i.  discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

    ii.  disclose any demonstrative or summary exhibits intended for use at trial;

      iii.  display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule.  Counsel shall provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

      iv.  discuss the possibility of settlement; and

      v.  advise the Court of anticipated technological issues that may arise at trial.

d)  The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(6)    <u>**Trial.**</u> This action is hereby set for a bench Trial on **November 7, 2022, at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky.  Counsel should be present in the courtroom by 9:00 a.m. The anticipated length of trial is two days.

(7)    <u>**Discovery Disputes**</u>. **Motions on discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his or her chambers.** Pursuant to Local Rule 37.1, prior to filing a discovery motion (i.e., motion to compel, motion for sanctions etc.), all counsel must make a good faith effort to resolve extra judicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred – or attempted to confer – with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.

(8)     **Deadline Extensions. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence. In the event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order.  This provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.**

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record

0|35     January 14, 2022