**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
*Electronically Filed*

**SISTERS FOR LIFE, INC., et al.,**                                           **PLAINTIFFS**

**v.**                                                           **Case No. 3:21-cv-00367-RGJ**

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                                     **DEFENDANTS**

### DEFENDANTS' RESPONSE IN OPPOSITION TO DONNA DURNING'S MOTION TO LEAVE TO FILE BRIEF AMICUS CURIAE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

The Defendants, Louisville/Jefferson County Metro Government ("Metro"), Mayor Greg Fischer, Chief Erika Shields and Jefferson County Attorney Mike O'Connell (collectively "Defendants"), by counsel, for their Response in Opposition to Donna Durning's Motion to Leave to File Brief Amicus Curiae, submit the following:

### INTRODUCTION

Amicus, Donna Durning ("Durning"), filed a Motion for Leave to File Brief Amicus Curiae on January 27, 2022 in support of Plaintiffs' Motion for Preliminary Injunction.[1] Durning, like all the individual Plaintiffs in this case, is a sidewalk counselor who regularly "counsels" outside of the EMW Clinic. Ms. Durning is **not** an impartial, third party. In fact, Ms. Durning is excessively partial to this case and should not be permitted to file an amicus brief. Furthermore, Ms. Durning's proposed brief is unhelpful to the Court because it merely restates Plaintiffs'

---

[1] On November 18, 2021, Plaintiffs, Edward Harpring and Mary Kenney, filed a Motion for Preliminary Injunction in Case No. 3:21-CV-00691-RGJ (W.D. Ky.) which has since been consolidated into this case (Doc. 5).  On December 12, 2021, Metro filed a Response in Opposition to this motion (Doc. 13) and on December 22, 2021, Plaintiffs filed a Reply (Doc. 14).  Previously, Plaintiffs, Sisters for Life, Inc., Angela Minter, et al., in the subject case, on June 6, 2021, filed a similar Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).  Defendants filed a Response in Opposition (Doc. 10 and Plaintiffs filed a Reply (Doc. 14).  On September 3, 2021, the Court denied the request for a Temporary Restraining Order and for Preliminary Injunction (Doc. 19).

arguments. For these reasons, Ms. Durning's Motion to Leave to File Brief Amicus Curiae should be denied.

## AMICUS CURIAE STANDARD

The role of an amicus curiae is to assist "the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel and by insuring a complete and plenary presentation of difficult issues to that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (citing *Alexander v. Hall,* 64 F.R.D. 152, 155 (D.S.C.1974)).  "The role of an amicus is generally 'to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts.'"  *BancInsure, Inc. v. U.K. Bancorporation Inc./United Kentucky Bank of Pendleton Cty., Inc.*, 830 F.Supp.2d 294, 307 (E.D. Ky. 2011), quoting, *Dow Chemical Co., v. United States*. 2002 WL 33012185 *1 (E.D. Mi. May 24, 2002) (**Exhibit 1**). Amicus curiae literally means "friend of the court" and "perform[s] a valuable role for the judiciary precisely because they are nonparties who often have a different perspective from the principal litigants." *Connerly v. State Pers. Bd.*, 37 Cal. 4th 1169, 1177, 39 Cal. Rptr.3d 788, 793 (2006).

An amicus brief is appropriate when it "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).[2] The view of an amicus curiae, according to the Sixth Circuit, is "that of an impartial friend of the court- not an adversary party in interest in the litigation." *Id*. (citing *United States v. Michigan,* 940 F.2d 143, 164-65 (6th Cir.1991)).

---

[2] "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs … [and] [s]uch amicus briefs should not be allowed." *Id.*

Moreover, when an amicus curiae's interest in the litigation is so excessive that it appears as highly partisan, a denial of amicus status is proper. In *Leigh v. Engle*, 535 F.Supp. 418, 421-22 (N.D. Ill. 1982), the Court denied the U.S. Secretary of Labor's motion to file an amicus brief that "[i]n every respect…support[ed] plaintiffs' legal theories and their construction of the facts, many of them disputed by defendants." *Id.* The court concluded that the proposed brief was "not a memorandum amicus curiae" but rather, "to coin a Latin phrase, it is a memorandum amicus petitor, one proffered as a friend of the plaintiff(s)." *Id.* at 422; *see generally Kimberlin v. Nat'l Bloggers Club*, 2014 WL 12680738 *1 (D. Md. Feb. 21, 2014) (**Exhibit 2**).

It is standard that "where a petitioner's attitude toward the litigation is patently partisan, he should not be allowed to appear as amicus curiae." *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd,* 782 F.2d 1033 (3d Cir. 1986), and *aff'd sub nom. Appeal of Yip*, 782 F.2d 1033 (3d Cir. 1986) (quoting *Casey v. Male,* 63 N.J.Super. 255, 259, 164 A.2d 374 (Essex Co. Ct.1960)). "An amicus curiae … cannot control the litigation." *Klein v. Liss*, 43 A.2d 757, 758 (Mun. Ct. App. D.C. 1935). He must accept the case as he finds it with the issues as framed. *Kemp v. Rubin*, 64 N.Y.S.2d 510, 511-12 (S.C.N.Y. 1946). And although an indirect effect from a court's decision may not pose a problem with an amicus, where an amicus represents "interests which would be ultimately and directly affected by the court's ruling on the substantive matter before it," the amicus is likely to have excessive interest. *Id.* "Participation as an amicus 'is a privilege within the sound discretion of the courts.'". *Dow Chemical Co.*, 2002 WL 33012185 *1 (**Exhibit 1**) quoting *United States v. Michigan*, 940 F.2d at 165 (further internal citation omitted).

## ARGUMENT

**1. Petitioner, Donna Durning, has Excessive, Partial Interest in the Litigation and Should not be Allowed to Appear as Amicus Curiae.**

Ms. Durning, like plaintiffs, is an alleged "sidewalk counselor" who has been "counseling" outside of the EMW clinic since 2004 (Doc. 42-2). Petitioner's Brief of Amicus Curiae ("Petitioner's Brief") p. 2. She, like plaintiffs, "has a deeply held religious belief" regarding the life of the unborn. *Id*. She, like plaintiffs, claims she approaches women "in a caring manner, to walk alongside them, and to offer words of compassion, empathy and consolation. She also provides women pamphlets and other literature showing alternatives to abortion." Petitioner's Brief p. 3. Additionally, Ms. Durning, like plaintiffs, argues that Louisville Metro Code of Ordinances §132.09 has caused "apparent, indisputable, and irreparable" injury to her ability to "sidewalk counsel." Petitioner's Brief p. 2.

For these reasons, Ms. Durning, for all intents and purposes, could be a Plaintiff in this case. Ms. Durning has excessive interest in this litigation and her brief, in every respect, claims to support the Plaintiffs' legal theories and construction of the facts which are disputed by Defendants. In fact, the second sentence in Ms. Durning's brief states "[a]micus Donna Durning has interests aligned with plaintiffs." Petitioner's Brief p. 1. These "aligned" interest are actually so excessive that they appear as highly partisan. Ms. Durning has multiple ongoing criminal cases in Jefferson District Court where there is videotape support of her violations of the buffer zone ordinance. *See* **Exhibit 3**, copy of certified records from Durning's criminal cases. *See also* **Exhibit 4**, copies of Docket Sheets on criminal cases of Donna Durning from Kentucky Court of Justice. Additionally, Durning's interests would be "ultimately and directly affected by the court's ruling." *Yip*, 606 F. Supp. at 1568.

Given Ms. Durning's excessive, partial interests, she is not an amicus curiae, or impartial friend of the court, as required; rather she is an "adversary party in interest in the litigation" and an "amicus pertito", or friend of the plaintiffs, which is not allowed. *BancInsure, Inc.,* 830 F. Supp.

at 307 (citing *United States v. Michigan,* 940 F.2d at 164-65, citing *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982). For these reasons, Ms. Durning should not be allowed to appear as amicus curiae.

## 2. Petitioner's Motion Should Be Denied Because the Proposed Brief is Unhelpful to the Court.

Ms. Durning's motion should be denied because the proposed brief merely restates the plaintiffs' legal arguments and facts, offers no unique information or perspective that has not or could not be raised by the plaintiffs and is, therefore, unhelpful to the Court. Plaintiffs, at all stages of the litigation, have been adequately represented by competent counsel and the relevant positions and arguments presented in the proposed Brief Amici Curiae have already been articulated. In fact, the only case cited by Ms. Durning, regarding the constitutionality of LMCO §132.09, is *McCullen v. Coakley*, 573 U.S. 464 (2014) which has been briefed several times at this point.

Additionally, Ms. Durning floods the record with claims that are not at issue, stating things such as "the Jefferson County Attorney has used the buffer zone to expand the buffer zone to 500 feet…and imposing a 500 foot no contact order," "the County attorney then seeks long court dates so as {to} preserve the 500 foot no contact order," and "[a]micus has also been subject to a 500 foot buffer zone imposed under an ordinance that was adopted by pretending that the zone would be only 10 feet zone." Defendants are aware that Ms. Durning has multiple charges against her, violations and misdemeanors, and that at least one no-contact order was issued and a motion for contempt was filed due to her repeated violations of court orders. *See* Criminal Record of Donna Durning attached as **Exhibits 3 and 4**. Defendants are also aware that Ms. Durning's attorney of record here has also defended her in one or more of these criminal cases.

However, Ms. Durning's criminal record is not at issue in the case nor is the decision of any Jefferson County District Judge on trial here.[3] Moreover, none of these issues affect whether plaintiffs' motion for preliminary injunction should be granted. Instead, Ms. Durning is merely attempting to inject matters into the record that are irrelevant, and, in fact, clearly exhibit her excessive and partial interest in this litigation. *See* **Exhibits 3 and 4**. Thus, Ms. Durning's brief is not useful to the Court.

Additionally, plaintiffs filed their motion for preliminary injunction on November 18, 2021. (*See* Doc. 5 in Case No. 3:21-cv-00691-RGJ and refiled in this case as Doc. 37.) Admittedly knowing this case existed, Ms. Durning waited over two months to file an amicus brief in support of said motion although she was on notice of the case and could have filed a brief sooner. *See* Ms. Durning's Affidavit attached to Plaintiff's Motion for Leave to file Brief Amicus Curiae in Support of Plaintiff's Motion for Temporary Injunction (Doc. 42; Doc. 42-2 and Doc. 42-3). This delay was unreasonable, and the motion should be denied as untimely, in addition to irrelevant.

<u>**CONCLUSION**</u>

An amicus curiae is permitted for the purpose of assisting the court on matters of law about which the court is doubtful, rather than presenting a partisan view of the facts. Here Ms. Durning's proposed brief merely restates the same arguments made by plaintiffs in their motion for preliminary injunction. Ms. Durning has excessive and partial interests in this litigation, and her proposed brief is one proffered as a friend of the plaintiffs - not the Court. Lastly, the proposed brief raises new, irrelevant issues regarding Ms. Durning's criminal cases which is an abuse of amicus curiae and clearly show her excessive and partial interests. For all the aforementioned reasons, Ms. Durning's motion should be denied.

---

[3] Ms. Durning has been Ordered by the Jefferson District Court to remain at least 500 feet from the EMW Surgical Center.  (*See* Orders attached to Petitioner's Brief.)

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

BY:  /s/ Natalie Johnson
     NATALIE JOHNSON
     JOHN F. CARROLL
     Assistant County Attorneys
     First Trust Centre
     200 S. 5th St. Suite 200N
     Louisville, KY  40202
     Phone: (502) 574-4307
     Natalie.johnson@louisvilleky.gov
     John.Carroll2@louisvilleky.gov
     *Counsel for Defendants, Louisville/Jefferson*
     *County Metro Government, et al.*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Defendant's Reply in Opposition to Donna Durning's Motion to Leave to File Brief Amicus Curiae with tendered Order was served via the Court's CM/ECF system on the 2nd day of February 2021, to:

Francis J. Manion
Geoffrey R. Surtees
American Center for Law and Justice
P.O. Box 60
New Hope, KY 40052
(502) 549-7020
fmanion@aclj.org
gsurtees@aclj.org
*Counsel for Plaintiffs,*
*Edward Harpring and Mary Kenney*

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Ste 104
Crestview Hills, KY 41017
chris@cwiestlaw.com
*Counsel for Plaintiffs,*
*Sisters for Life, et al.*

Thomas Bruns
4750 Ashwood Dr. Ste, 200
Cincinnati, OH 45241
tbruns@bcvalaw.com
*Co-Counsel for Plaintiffs,*
*Sisters for Life, et al.*

Vincent F. Heuser, Jr.
Heuser Law Office
3600 Goldsmith Lane
Louisville, KY  40220
vheuser@heuserlawoffice.com
*Counsel for Donna Durning*

/s/Natalie Johnson_____
Natalie Johnson

8