**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:21-CV-00367-RGJ-CHL**

**SISTERS FOR LIFE, INC., et al.,**                                                               **Plaintiffs,**

**v.**

**LOUISVILLE-JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                                                               **Defendants.**

### ORDER

The undersigned held a telephonic status conference in this matter on January 31, 2023. Participating were the following:

    FOR PLAINTIFFS:      Christopher D. Wiest; Geoffrey R. Surtees

    FOR DEFENDANTS:    John F. Carroll; Natalie Johnson

The Court and the Parties discussed their scheduling proposals, and the Parties' respective positions on the dispositive motion deadline to be set in this case.  (DNs 69, 70.)  Plaintiffs indicated that their position was based on the fact that the issues in the case had already been extensively briefed before the Sixth Circuit.  Defendants indicated that their position was based on the fact that their deadline to file a petition for writ of certiorari did not expire until sometime in March and the fact that there is litigation pending before the Kentucky Supreme Court that would effectively moot a ruling in this case.  The Court indicated that while it understood the Defendants' position, it was inclined to set a sooner deadline than that proposed by Defendants to keep this case moving given that the timing of the Kentucky Supreme Court's ruling is not within this Court's control.  Accordingly, the Court will set a March 16, 2023, dispositive motion deadline as set forth below.

Plaintiffs requested, and Defendants did not oppose, a five-page enlargement of the page limit for dispositive motions int his matter. Given the Parties' agreement and the relatively small adjustment requested, the Court will grant the same.

Accordingly,

IT IS HEREBY ORDERED as follows:

(1) The page limit prescribed by LR 7.1(d) for motions and responses is enlarged to thirty pages for the Parties' dispositive motion briefing. The page limit for replies remains fifteen pages.

(2) The Parties shall file a joint status report no later than **fourteen days** after any ruling by the Kentucky Supreme Court that they believe affects this matter and shall address therein their respective proposals for proceeding. The Court expects one joint filing regardless of the any disagreement about how to proceed.

(3) **Dispositive and Expert Motions**. No later than March 16, 2023, counsel for the Parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

(4) **Pretrial Conference**. This matter is assigned for a Pretrial Conference before the trial judge on **September 26, 2023, at 1:30 p.m. ET** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

a) No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

   i. a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3). The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B). The witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

   ii. an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3). The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

   iii. any appropriate motions *in limine*;

   iv. the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**; and

   v. a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law.

b) **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

  i. written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

  ii. responses to any other party's motion *in limine*; and

  iii. responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

c) At the Pretrial Conference, counsel for the parties shall be prepared to:

  i. discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

  ii. disclose any demonstrative or summary exhibits intended for use at trial;

  iii. display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule. Counsel shall provide the court with a copy of all documentary exhibits. **Failure to**

       **disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

     iv. discuss the possibility of settlement; and

     v. advise the Court of anticipated technological issues that may arise at trial.

    d) The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

  (5) **Trial.** This action is hereby set for a bench Trial on **October 10, 2023, at 9:30 a.m. ET** at the Gene Snyder United States Courthouse, Louisville, Kentucky. Counsel should be present in the courtroom by 9:00 a.m. The anticipated length of trial is three days.

  (6) **Deadline Extensions. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**. **In the event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order. This provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.**

  (7) All remaining provisions of the Court's prior scheduling orders remain in full effect.

*[Signature]*

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

0|20  January 31, 2023