**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

SISTERS FOR LIFE, INC., *et al.*
Plaintiffs

v.                                                    Lead Civil Action No. 3:21-cv-0367-RGJ

LOUISVILLE-JEFFERSON COUNTY                                          Defendants
METRO GOVERNMENT*, et al.*

***

EDWARD HARPRING, *et al.*
Plaintiffs

v.                                                    Member Civil Action No. 3:21-cv-691-RGJ

LOUISVILLE-JEFFERSON COUNTY                                          Defendant
METRO GOVERNMENT

## JOINT STATUS REPORT OF THE PARTIES

Pursuant to the Court's Order of February 1, 2023 [ECF No. 71], the parties submit this Joint Status Report indicating how they believe the Kentucky Supreme Court's decision in *Daniel Cameron v. EMW Women's Surgical Center, P.S.C., et al*., --- S.W.3d ---, 2022-SC-0329-TG, 2023 Ky. LEXIS 4 (Ky, Feb. 16, 2023), impacts this case and how the case should proceed.

**Position and submission of Plaintiffs:**

The issue before the Kentucky Supreme Court in *Cameron* was the ruling of the Court of Appeals that the circuit court abused its discretion by granting the plaintiff abortion providers a temporary injunction against enforcement of two abortion-related laws, i.e., KRS 311.772 ("the trigger ban") and KRS 311.7707-11 ("the heartbeat ban").

1

The Supreme Court affirmed the ruling of the Court of Appeals, holding that, "the circuit court abused its discretion by granting the abortion providers' motion for a temporary injunction against both the trigger ban and the heartbeat ban." *Id*. at *53-54.

Even though the plaintiff abortion providers have been denied preliminary relief, the case is far from over. Though the Court rejected the plaintiffs' third-party standing to challenge the trigger ban and the heartbeat ban, as well as the plaintiffs' first-party to challenge the heartbeat ban, it held that the plaintiffs "have first-party constitutional standing to challenge the trigger ban." *Id*. at *54.

The Court remanded the case to the circuit court "for the determination of the first-party constitutional claims of the abortion providers as to the trigger ban. Specifically, whether the trigger ban was an unlawful delegation of legislative authority in violation of Sections 27, 28, and 29 of the Kentucky Constitution and if the trigger ban became effective upon the authority of an entity other than the General Assembly in violation of Section 60 of the Kentucky Constitution." *Id*.

Justice Kelly Thompson foreshadowed likely future developments in his partial dissent:

Accordingly, I urge the trial court to fully exercise its authority on remand by freely allowing intervention by all interested parties so that first party standing may be established for all issues. In this manner, review of both bans can take place. I also urge the trial court to engage in an expedited process to move this case forward.

Once a full evidentiary process has concluded and the trial court has made a decision on the merits, the appealing parties should seek immediate transfer to this Court as this matter will then be ripe for us to engage in a complete review. It is frustrating that we cannot reach the ultimate issues at this juncture, but in light of the current posture of the case, we must return the matter to the trial court to resolve expeditiously. We can then engage in a full review of the constitutionality of these statutes, as soon as reasonably possible.

*Id.* at *180 (Thompson, J., concurring in part and dissenting in part).

The decision of the Kentucky Supreme Court regarding the interlocutory ruling of the circuit court does not impact Plaintiffs' pending challenge against Louisville-Jefferson Ord. Code § 132.09 for several reasons.

First, the challenged ordinance is still on the books and is still operative.  Defendants have not repealed it, and have not even remotely indicated that they are not and will not enforce it. EMW's website reveals it is "OPEN" and "seeing patients."[1]  The clinic is open for business and making referrals to those seeking an abortion out of state, even if it is not currently offering abortion services.  To that extent, the Plaintiffs' ministries and efforts have not ceased, and their activities are burdened by the ordinance.

As the declaration of Joe Lynch, a sidewalk counselor affiliated with Kentucky Right to Life, which is attached hereto demonstrates, he has performed sidewalk counseling outside the EMW clinic in Louisville, and has personally done so for the past six months, even after abortions were temporarily discontinued due to laws being passed and during litigation.  (Declaration Lynch, ¶1).  He has continued to pray outside the facility.  *Id.*  After abortions temporarily have been discontinued, he has witnessed patients enter the EMW, and then leave a minute or so later (he assumes after being told they could not get an abortion).  *Id.* ¶2.  He does acknowledge that escorts have not been present during this time, but, again, at least the manager of the facility has been present.  *Id.*  The EMW clinic has had staff present at its facility, including its manager's vehicle (which he recognizes) for the past six months, including after abortions have been temporarily discontinued.  *Id.* ¶3.  He personally has witnessed the manager's vehicle present, and the facility thus open, two weeks ago, when he was there at 9:30 a.m.  *Id.*  There are no signs that indicate that the EMW facility is closed, and their website indicates that they are "OPEN and seeing patients,"

---

[1] https://emwwomens.com/ (last accessed 2/22/2023).

and their hours of operation are posted as Monday, 8 a.m. – 4:30 p.m. Appointments and Counseling Open, Tuesday-Friday, 8 am – 4:30 p.m., Saturday, 8 am – 4 pm. *Id.* ¶4.

Moreover, because the legal challenge to the trigger ban remains ongoing, so too should this case. *See EMW Women's Surgical Center, et. al. v. Daniel Cameron*, Jefferson Cir. Case No. 22-CI-003225. A review of the docket of that case reveals that it is open, active, and, one supposes, upon finality of the Kentucky Supreme Court decision, litigation will resume if not multiply in the Circuit Court.

Further, even if abortion providers in Louisville are currently not performing abortions, buffer zones continue to exist outside every health care facility within the County when those facilities are open for business. As the Sixth Circuit held in its December 21, 2022, opinion ordering a preliminary injunction in favor of Plaintiffs: "The County maintains that the ordinance creates buffer zones only when a facility requests painted lines outside its entrance. But that is not what the ordinance says. **It applies always and everywhere there is a healthcare facility**." *Sisters For Life, Inc. v. Louisville-Jefferson Cty.*, 56 F.4th 400, 408 (6th Cir. 2022) (emphasis added). In other words, at this very time, buffer zones are enforceable outside "every single hospital, clinic, and dentist's office in the area." *Id.* at 405.

Finally, the fact that Plaintiffs "mainly visit[] EMW rather than other medical facilities," is irrelevant. *Id.* at 407. As the Sixth Circuit explained:

> In facial First Amendment challenges, we consider a statute's full range of applications **even when some of them do not implicate a particular plaintiff**. Put differently, if a statute is not narrowly tailored, it cannot be constitutionally applied to anyone, even if a more narrowly tailored statute might still capture a plaintiff's conduct.

*Id.* (citations omitted) (emphasis added).

Mootness addresses whether "an intervening circumstance [has] deprive[d] the plaintiff of a personal stake in the outcome of the lawsuit." *Genesis HealthCare Corp. v. Symczyk*, 569 U. S. 66, 72 (2013) (internal quotation marks omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U. S. 167, 189-192 (2000).  The Government, not plaintiffs, "bears the burden to establish that a once-live case has become moot." *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022).  "A case might become moot if subsequent events made it **absolutely clear** that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U. S. 167, 189 (2000). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.  *Id.*, *quoting United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968)).

Precedent from the Supreme Court holds that a case is not mooted if the challenged conduct continues or could continue. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 662 (1993) ("There is no mere risk that [Defendant] will repeat its allegedly wrongful conduct; it has already done so.").  Here, of course, Defendants have not repealed the ordinance, rather it is still on the books.  That fact is dispositive to the mootness question, even if at present the circumstances that primarily drove the Defendants to enact the ordinance, and the Plaintiffs to challenge it, have temporarily abated pending the outcome of state court litigation that has not yet come close to concluding.  *Dunn v. Blumstein*, 405 U.S. 330, 31 L. Ed. 2d 274, 92 S. Ct. 995 (1972).  In *Blumstein*, the Court addressed the mootness of case in which the plaintiff had been denied the right to vote under a durational residency requirement. Nonetheless, the Court held the case was not moot because "the laws in question remain on the books," which is the case here.  *Blumstein*, 405 U.S. at 333 n.2.

In *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017), the Supreme Court held that a government actor's change in policy does not moot a case. Rather, the court held that the defendant must prove that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. 167 at 190. It is Defendants' burden to prove that the proffered "subsequent events make it *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Trinity Lutheran Church of Columbia, Inc.*, 137 S.Ct. 2012, 2019 n.1. That formidable burden has not been met here and, in fact, the Defendants "nowhere suggest that if this litigation is resolved in their favor they will not" reimpose the buffer zone (in fact, and again, it is still on the books). Indeed, Defendants "vigorously defend" the legality of their ordinance. *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U. S. 701, 719 (2007). Courts do not dismiss a case as moot in such circumstances. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 288-289 (1982).

Determining whether the ceased action "could not reasonably be expected to recur," *Friends of the Earth*, 528 U.S. at 189, takes into account the totality of the circumstances surrounding the mootness, including the manner in which the cessation was executed. *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019). Where, as here, "a change is merely regulatory [or by executive action], the degree of solicitude the voluntary cessation enjoys is based on whether the regulatory processes leading to the change involved legislative-like procedures or were ad hoc, discretionary, and easily reversible actions." *Id.* Thus, where, as here, "[i]f the discretion to effect the change lies with one agency or individual, or there are no formal processes required to effect the change, significantly more than the bare solicitude itself is necessary to show that the voluntary cessation moots the claim." *Id.*

Here, (1) the challenged ordinance is still on the books; (2) testimony of Mr. Lynch confirms that the clinics are still operating and are staffed (though not providing abortion services at the location presently), suggesting the ordinance is not only on the books but being enforced as to EMW; (3) the ordinance is challenged facially, and would be applicable in other locations throughout the city; and (4) there is pending litigation that is unresolved (and the Kentucky Supreme Court did not address the merits of the constitutional challenges to the trigger and heartbeat law leaving those questions unresolved, and with it the reasonable prospect of EMW resuming abortions). While any of these facts alone are sufficient to make it not "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," together they seem to make it reasonably possible that it could or might. *Friends of the Earth, Inc.*, 528 U. S. 167, 189. The case is not moot. It is therefore Plaintiffs' position that this case should proceed according to the scheduling order issued by the Court on February 1, 2023, with dispositive motions due on March 16, 2023, and, if necessary, a bench trial to commence on October 10, 2023.

If Defendants wish to brief or make motions based on mootness, they can do so within the existing case schedule as part of the upcoming motion practice.

**Position and submission of Defendants:**

First, Defendants object to the Plaintiff's self-proclamations and briefing as part of this Joint Status Report. Per the Court's February 1, 2023 Order, Defendants, Louisville Metro Government et al., submit this joint status report advising the Court of the Kentucky Supreme Court's decision reversing the Jefferson County Circuit's injunction prohibiting enforcement of KRS 311.772 ("trigger ban") and KRS 311.7707-11 ("the heartbeat ban").

This decision leaves the trigger ban and heartbeat ban in full effect, **prohibiting abortion in Kentucky**. Additionally, despite Plaintiffs' allegations that the EMW Women's Clinic

("EMW") is open and operating, EMW, the only health care facility with a buffer zone pursuant to Louisville Metro Code of Ordinances ("LMCO") 132.09, **has been closed** since August 1, 2022 due to the trigger ban in Kentucky. Thus, the buffer zone outside of EMW's entrance, established pursuant to LMCO 132.09, is not in effect nor will be in effect in any foreseeable future.[2]

Plaintiffs' complaints stem from their First Amendment rights to free speech and religion to sidewalk counsel to patients entering and exiting the EMW Clinic to obtain abortions which they allege have been violated by the buffer zone. However, since the buffer zone is no longer in effect and EMW is closed, Plaintiffs no longer have a case or controversy and this matter is moot.

Plaintiffs allege the issue is not moot due to ongoing litigation at the Jefferson Circuit Court. However, the issue before the Circuit Court is very narrow and looks at whether the General Assembly unlawfully delegated power to the United States Supreme Court when it stated, in KRS 311.772(2)(a), that the trigger law would become effective upon any decision from the United States Supreme Court overturning *Roe v. Wade*. See KRS 311.772(2)(a). Not only is the issue extremely narrow, but if a court finds that the language is unconstitutional, the General Assembly could easily, and would, remove it now that they are empowered to prohibit abortion.

Moreover, dismissal on mootness grounds is mandatory if after filing a complaint the claimant loses a personal stake in the action, making it impossible for the court to grant any effectual relief. Although there is pending litigation in the Jefferson County Circuit Court, the issues before that Court are narrow. Moreover, under federal law, independent litigation

---

[2] Plaintiffs cite to a declaration of an unknown, Joe Lynch, which has not been provided to Defendant's counsel.

challenging new legislation that satisfies the claims in the present action is not likely to defeat mootness. *See generally e.g., Hill v. Snyder*, 878 F.3d 193 (6th Cir. 2017) (trigger law went into effect upon court's ruling mooting Plaintiff's claims); *see also RYO Mach., LLC v. U.S. Dep't of Treasury*, 696 F.3d 467 (6th Cir. 2012) (there was no live case or controversy after law was amended); *see also Miller v. Benson*, 68 F.3d 163 (7th Cir. 1995) (challenge was mooted by amendment to law, despite state court litigation challenging the new scheme); *see also Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174 (10th Cir. 2000).

Because of the Kentucky Supreme Court's decision, Defendants respectfully request this Court amend the February 1, 2023 scheduling order to allow time to file dispositive motions on the issue of mootness.

**For Defendants:**

s/Natalie Johnson
John F. Carroll
Natalie Johnson
Jefferson County Attorney's Office
200 S. Fifth Street
First Trust Centre, Suite 300n
Louisville, KY 40202
502-574-6321
john.carroll2@louisvilleky.gov
natalie.johnson@louisvilleky.gov

**For Plaintiffs Sisters for Life et al.:**

s/Christopher Wiest
Christopher D. Wiest
25 Town Center Blvd., Suite 104
Crestview Hills, KY 41017
513-257-1895
chris@cwiestlaw.com

Thomas B. Bruns
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
513-312-9890
tbruns@bcvalaw.com

**For Plaintiffs Harpring, et al.:**

s/ Geoffrey R. Surtees
American Center for Law & Justice
PO Box 60
New Hope, KY 40052

502-549-7020
gsurtees@aclj.org

Edward L. White III*
American Center for Law & Justice
3001 Plymouth Road, Suite 203
Ann Arbor, MI 48105
734-680-8007
ewhite@aclj.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I certify that I have served the foregoing via the Court's CM/ECF system, which will provide notice to all counsel or parties of record, on this 2nd day of March 2023.


s/Christopher Wiest