**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| SISTERS FOR LIFE, INC., *et al.* | Plaintiffs |
| v. | Lead Civil Action No. 3:21-cv-0367-RGJ |
| LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, *et al.* | Defendants |

\*\*\*

| | |
|---|---|
| EDWARD HARPRING, *et al.* | Plaintiffs |
| v. | Member Civil Action No. 3:21-cv-691-RGJ |
| LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT | Defendant |

**PLAINTIFF EDWARD HARPRING AND MARY KENNEY'S PRETRIAL MEMORANDUM**

By and through counsel, and pursuant to this Court's Scheduling Order of January 31, 2023 [DE 71], Plaintiffs Edward Harpring and Mary Kenney respectfully submit the following pretrial memorandum "containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law." [*Id.*]

All parties have filed dispositive motions with the Court. All Plaintiffs filed motions for summary judgment [DE 74 and 75]; Defendant filed a motion to dismiss [DE 76]. Those motions remain pending.

**1.    Facts of the Case**

For many years, Plaintiffs engaged in sidewalk counseling and prayer on the public sidewalk outside the EMW Women's Center in Louisville, Kentucky ("EMW"). EMW is located at 136 W. Market Street. Plaintiffs have religious beliefs that compel them to try to speak with and offer help to women seeking abortions. Plaintiffs do this by trying to approach such women in a caring manner, to

walk alongside them, and to offer words of compassion, empathy, and consolation. They also try to hand women pamphlets and other literature showing alternatives to abortion.

Harpring and Kenney do not go to the site to "protest" or "demonstrate" against abortion. On the contrary, they believe that the loud and harsh rhetoric commonly associated with protests and demonstrations would be detrimental to their goals. Neither Plaintiff has engaged in conduct that could be considered obstructing, trespassing, assaulting, or stalking.

For Harpring and Kenney, every second counts when sidewalk counseling. For example, Harpring specifically recalls walking and speaking with a patient right up to the area in front of the clinic door—an area that now falls within the boundaries of the buffer zone created by the Ordinance. Shortly after entering EMW, the patient came back out and told him that the last thing he had said to her caused her to change her mind about going through with an abortion.

On May 20, 2021, Louisville Metro Council passed the Ordinance which is the subject matter of this case. The mayor signed the Ordinance, and it took effect on June 2, 2021.

The Ordinance creates ten-foot buffer zones outside all healthcare facilities within the County, including EMW. It forbids any non-exempt individual from "knowingly enter[ing]" or "remaining . . . within" it. Louisville-Jefferson Ord. Code § 132.09(B)(2). The buffer zone extends "from the entrance of a healthcare facility to the closest adjacent sidewalk curb and 10 feet from side to side." *Id.* The Ordinance exempts from the buffer-zone four groups: persons entering or leaving the facility; those who enter the zone to reach another destination; municipal agents; and agents or employees of the facility. *Id.* Those who violate the Ordinance, after first being issued a warning, face monetary fines. § 132.09(F).

The buffer zone made it more difficult for Plaintiffs to engage in sidewalk counseling, i.e., one-on-one communication and leafletting, and prayer on the public sidewalk immediately outside the entrance of EMW.

After Kentucky laws went into effect last year that make abortion illegal (with limited exceptions), Harpring continued to go the public sidewalk outside the entrance to EMW, including within the (preliminarily enjoined) buffer zone. He has since prayed at this location and has spoken with women at this location entering or leaving EMW. In addition, Harpring has prayed on the public sidewalk outside the Planned Parenthood Louisville Health Center of Louisville, KY, located at 842 South 7th Street.

**2.     Issues of Fact to be Resolved at Trial**

Plaintiffs submit that there are no material issues of fact to be resolved at trial. There is no dispute that Plaintiffs engaged in sidewalk counseling and prayer immediately outside EMW while abortion was legal in Kentucky and there is no dispute that, after abortion became illegal, Harpring has visited the public sidewalk outside EMW to pray and speak with women. The issue, for example, whether the Ordinance burdens Plaintiffs' speech is a legal issue, not a factual one, and it is an issue that the Sixth Circuit resolved in *Sisters For Life, Inc. v. Louisville-Jefferson Cty.*, 56 F.4th 400, 407 (6th Cir. 2022).

**3.     Disputed Issues of Law**

The first and fundamental legal issue before the Court is whether the Ordinance satisfies First Amendment scrutiny, i.e., whether it is "narrowly tailored to serve a significant governmental interest," as explained in the Supreme Court's decision in *McCullen v. Coakley*, 573 U.S. 464, 486 (2014) (citation omitted), and the Sixth Circuit's decision in *Sisters For Life*. The burden is on Defendant to demonstrate that the Ordinance comports with the First Amendment. *See, e.g.*, *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 816 (2000) ("[w]hen the Government restricts speech, the Government bears the burden of proving the constitutionality of its actions") (citations omitted).

The second disputed issue of law, raised by Defendant in its motion to dismiss [ECF Doc. 76], is whether Plaintiffs' claims are moot. This, too, is a burden that Defendant must carry. The

"'heavy burden' of demonstrating mootness falls on the party asserting it." *Thomas v. City of Memphis*, 996 F.3d 318, 324 (6th Cir. 2021) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

4. **Summary of Plaintiff's Positions**

   a. **Constitutionality of the Ordinance**

As an initial matter, under the law of the case doctrine, the Sixth Circuit's legal rulings in *Sisters For Life* are binding in any future proceedings in this Court, including trial. *See, e.g., Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) ("The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (citation omitted). Even though the Sixth Circuit's decision in *Sisters For Life* involved an interlocutory order, that is of no consequence here because the Sixth Circuit had the benefit of a fully developed record, including deposition transcripts and exhibits. *See id.* (when an "appellate panel considering the preliminary injunction has issued a fully considered appellate ruling on an issue of law . . . . then that opinion becomes the law of the case.") (cleaned up).[1]

As Plaintiffs have argued, applying *Sisters for Life* and *McCullen* to the facts of this case dictates one outcome: that the Ordinance is not narrowly tailored. [DE 75 and 85.] Defendant could have furthered its interests with less restrictive measures that do not suppress protected speech activity in a traditional public forum. As the Sixth Circuit held, "Because the County may not 'burden substantially more speech than is necessary' to further the County's order and access interests, *McCullen*, 573 U.S. at 486, and because the County has not made any showing that **all** medical facilities need this kind of regulation, the ordinance lacks **any** tailoring, to say nothing of narrow tailoring." *Sisters For Life*, 56 F.4th at 405 (second emphasis added).

---

[1] Factual discovery closed in this case on February 28, 2022. [DE 40, Scheduling Order.] Plaintiffs' notices of appeal were filed six days later. [DE 56 and 57.]

4

**b.     Mootness**

As Plaintiffs have argued, this case is not moot. [ECF Docs. 75 and 82.] Even after Kentucky's abortion laws went into effect, Harpring has visited the public sidewalk outside EMW and has spoken with women within the buffer zone. But for this Court's preliminary injunction enjoining the enforcement of the Ordinance, Harpring would have risked prosecution in doing so.

Respectfully submitted on this 5th day of September 2023.

/s/ Geoffrey R. Surtees
Geoffrey R. Surtees
American Center for Law & Justice
Post Office Box 60
New Hope, Kentucky 40052
Tel. 502-549-7020; Fax 502-549-5252
gsurtees@aclj.org

Counsel for Plaintiffs Harpring and Kenney

**CERTIFICATE OF SERVICE**

I certify that I have served the foregoing via the Court's CM/ECF system, which will provide notice to all counsel or parties of record, on this 5th day of September 2023.

/s/Geoffrey R. Surtees  
Geoffrey R. Surtees  
Counsel for Plaintiffs Harpring and Kenney