THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically Filed*

**SISTERS FOR LIFE, INC., et al.,**  **PLAINTIFFS**

**v.**  **Case No. 3:21-cv-00367-RGJ**

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**  **DEFENDANTS**

### PLAINTIFFS' TRIAL BRIEF

Plaintiffs, Sisters for Life, Inc., Angela Minter, and Kentucky Right to Life, Inc. ("Plaintiffs"), through Counsel, provide this trial brief.

### I.   STATEMENT OF FACTS

Plaintiffs consist of two pro-life ministries, Sisters for Life, Inc. ("Sisters for Life") and Kentucky Right to Life, Inc. ("KRLA"), as well as Angela Minter ("Ms. Minter"), the President and founder of Sisters for Life (collectively "Plaintiffs"). (Pl's Second Amended Compl., DE#28, ¶¶ 2-4, PageID#1475; the factual allegations in the Second Amended Complaint were authenticated and verified with the Declaration of Angela Minter, at DE#49-2, PageID#2216-2217). Plaintiffs have as their mission the advancement of religion and ministry through sidewalk counseling and community ministry directed towards discouraging, if not ending, abortion. *Id.*

As part of the practice of their faith, Ms. Minter and Sisters for Life engage in sidewalk ministry mostly outside EMW at 136 W Market St, Louisville, KY 40202, and have done so since 2003. *Id.*, ¶11; PageID#1477. Likewise, KRLA members frequently engage in sidewalk ministry outside of EMW in the same manner that Ms. Minter and Sisters for Life do. *Id.*, ¶12. Sidewalk ministry, a particularly successful type of anti-abortion ministry, involves offering both

1

verbal and written materials outlining alternatives to abortion, and help for anyone wishing to pursue those options. *Id.*, ¶¶ 13-14; PageID#1478.

Significantly, Ms. Minter and Sisters for Life typically will initiate a conversation by, among other things, asking would-be patients if they would like some literature. *Id.*, ¶15. During these exchanges, Ms. Minter and Sisters for Life consider it essential to maintain a caring demeanor, a calm tone of voice, and direct eye contact. *Id.*, ¶16. Such interactions, Plaintiffs believe, are a much more effective means of dissuading women from having abortions than confrontational methods such as shouting, brandishing signs, blocking access, using loudspeakers, or employing other methods which, in Plaintiffs' view, tend only to alienate their intended audience. *Id.*

Plaintiffs engage women and hand them literature, walk alongside and talk to women headed towards the clinic who, presumably, want to procure an abortion, and pray for the women who start to enter the abortion clinic. *Id.*, ¶17. As part of her ministry, Ms. Minter often will tell these women about her own harrowing experience with abortion as a teenager and the lifelong regret she has suffered as a result. *Id.*, ¶18; PageID#1478-1479. She also will tell the women that God loves them and their baby, regardless of the decision they make. *Id.*

By both design and necessity, this sidewalk ministry is not loud, obnoxious, or confrontational. Rather, experience has shown Plaintiffs that those tactics are counter-productive. *Id.*, ¶19; PageID#1479. Nor is the sidewalk ministry a protest meant or intended to block access to the clinic – the message and ministry are a final intervention with women who often are in crisis and believe they have no alternative to abortion. *Id.* Plaintiffs, whenever possible, deliberately walk along with the women who are in the process of walking into EMW, and deliberately do not block them. *Id.*

Spectacularly, as of December, 2021, the sidewalk ministry and interventions of Ms. Minter and Sisters for Life have been responsible for saving over 800 babies outside EMW. *Id.*, ¶20. Put another way, because of this sidewalk ministry, 800 children are alive today; thereby saving their mothers, fathers and families from the guilt and grief of having a hand in their death. *Id.* For the avoidance of all doubt, the sidewalk ministry and counseling are part of Plaintiffs' sincerely held religious beliefs, and are undertaken in accordance with those same beliefs. *Id.*, ¶21. Given this success, it is not surprising that, at the insistence of EMW, which substantially profits from the abortion trade, that the Metro Council of Louisville Metro passed legislation substantially restricting specific religious speech and activities on the sidewalk outside EMW. *Id.*, ¶22.

Specifically, on May 20, 2021, the Metro Council passed Ordinance O-179-21 (the "Ordinance"), in a 14-11 divided vote. *Id.*, ¶23. First, the Ordinance provides: "(1) No person shall knowingly obstruct, detain, hinder, impede, or block another person's entry to or exit from a healthcare facility." *Id.* That section is not challenged as it is a lawful exercise of authority. The Ordinance next provides that "(2) No person shall knowingly enter, remain on, or create any obstruction within the driveway of a healthcare facility or within a 'buffer zone' on the public way or sidewalk extending from the entrance of a healthcare facility to the closest adjacent sidewalk curb and 10 feet from side to side, during the facility's posted business hours, except: (a) persons entering or leaving such facility; (b) persons using the public sidewalk or street right-of-way adjacent to such facility solely for the purpose of reaching a destination other than such facility; or (c) law enforcement, ambulance, firefighting, construction, utilities, public works and other municipal agents acting within the scope of their employment; or (d) employees or agents of such facility acting within the scope of their employment." *Id.*, ¶26. (emphasis added).

The buffer zone expressly prohibits persons from walking through it, or into it, except as expressly permitted under the exceptions to the Ordinance. *Id.* at ¶29; PageID#1481. Violation of the Ordinance is enforced with fines of up to $500 for each violation. *Id.* at ¶30.

Since the operation of the Ordinance in question, Plaintiffs have been materially impacted in their ministry. *Id.* at ¶31. Specifically, Plaintiffs have attempted to engage in sidewalk ministry after passage of the ordinance, and largely have been unsuccessful. *Id.* at ¶32. Plaintiffs' ministry is substantially burdened by the Ordinance. *Id.* at ¶¶ 33-43; PageID#1481-1483.

And Defendants have enacted a number of other ordinances that were effective to achieve the interests asserted by Defendants for the buffer zone ordinance. *Id.* at ¶¶ 44-46; PageID#1483-1484.

As to Defendants' claims of mootness, there is no dispute that surgical abortions have ceased, no dispute that the ordinance is still on the books, no disputes that the clinic continues to have posted hours that indicates that they are open (even if they are not presently performing abortions), no dispute that patients have come into the clinic since the cessation of abortions but been referred elsewhere, no dispute that the ministries and sidewalk counseling activities have therefore continued, and no dispute that Defendants continue to enforce the ordinance.

## II. ISSUES OF FACTS FOR TRIAL

Plaintiffs have testified to pro-choice speech occurring within the buffer zone by clinic escorts. An EMW sidewalk counselor testified that this speech is not permitted as part of their duties. The issue of fact is whether: (i) the pro-choice speech by clinic escorts are in fact part of their duties, rendering the ordinance invalid as viewpoint discrimination; or (ii) whether, as a consequence of non-enforcement of such speech by Defendants, there is an as-applied viewpoint discrimination in the manner of enforcement.

There are no other issues of fact, and, as it turns out, the Court need not resolve the issue of fact, above, because the legal result – invalidity for viewpoint discrimination – is the result in any event. Equally, the Court can avoid this issue, by instead permanently enjoining the ordinance on the grounds of overbreadth articulated by the Sixth Circuit in *Sisters For Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400 (6th Cir. 2020).

### III. DISPUTED ISSUES OF LAW

Plaintiffs do not believe that there are issues of law, as the Sixth Circuit resolved legal disputes in a binding published decision in *Sisters For Life, Inc.*, 56 F.4th 400.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/Thomas Bruns_____
Thomas Bruns (KBA 84985)
4750 Ashwood Drive, STE 200
Cincinnati, OH 45241
tbruns@bcvalaw.com
513-312-9890
**Attorney for Plaintiffs**

### CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing to all counsel of record via CM/ECF, this 5 day of September, 2023.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)