## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY (at Louisville)

| | | |
|---|---|---|
| SISTERS FOR LIFE, INC., et. al. | : | Case No. 3:21-CV-367-RGJ-CHL |
|     Plaintiffs | : | |
| v. | : | |
| LOUISVILLE JEFFERSON COUNTY, GOVERNMENT, et. al. | : | |
|     Defendants | : | |

### DEFENDANTS' PRETRIAL MEMORANDUM

Defendants, Louisville Metro Government, Mayor Greg Fischer, Chief Erika Shields and Mike O'Connell (collectively "Defendants"), by counsel, respectfully submit the following pretrial memorandum[1]:

**1. Facts**

On May 20, 2021, the Louisville/Jefferson County Metro Council ("Metro Council") passed Louisville Metro Code of Ordinances ("LMCO") 132.09 to ensure safe, unobstructed entry to and exit from a healthcare facility by establishing a "buffer zone" outside of healthcare facilities that need and request one. *See* LMCO 132.09. The buffer zone created by the Ordinance is one of the smallest buffer zones that currently exists in the United States. It extends five feet in both directions from the entrance to a healthcare facility and runs perpendicularly ending at the sidewalk curb. *Id*. A buffer zone is not created automatically, nor can a healthcare facility create a buffer zone themselves. It must be requested through Public Works. *Id*.

---

[1] Defendants' Pretrial Memorandum was filed late due to parties' request for a status call with the Court via email to Ms. Andrea Morgan on August 22, 2023., the parties' pending motions, and the difficulties with determining information necessary for trial.

1

The Ordinance was passed because patients entering and exiting the EMW Clinic facility were regularly harassed, stalked, intimidated and assaulted outside of the clinic. And although other means were considered, the buffer zone was the only truly effective means at ceasing these acts by protestors and sidewalk counselors and providing safe entry and exit by patients to and from the facility.

Plaintiffs allege that LMCO 132.09 infringe on their First Amendment rights because they want to be able to approach patients entering and exiting the facility up to the door of the facility. Plaintiffs allege that being required to stand, at most, five feet away from a patient infringes on their abilities to be heard and effective in their attempts to persuade people from having abortions.

However, newly enacted Kentucky law prohibiting abortion made LMCO 132.09 and the corresponding buffer zone obsolete. The EMW Clinic is no longer providing abortions and is, in fact, on the market to be sold.

There are two pending motions for summary judgment, filed by Plaintiffs on March 16, 2023, in front of this Court. Dkt. 74; Dkt. 75. There is also a motion to dismiss, filed by Defendants on March 16, 2023, pending in this Court. Dkt. 76.

**2. Issues of Fact to be Resolved at Trial.**

Defendants maintain that there no material issues of fact to be resolved at trial.

**3. Disputed Issues of Law.**

The first issue of law is whether LMCO 132.09 is narrowly tailored to serve a significant governmental interest. Defendants maintain that it is. The second issue is whether Plaintiff's injuries are moot considering abortion is now prohibited in Kentucky. Defendants maintain that they are.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

BY: */s/ Natalie Johnson*
    Natalie Johnson
    John F. Carroll
    Assistant County Attorneys
    First Trust Centre
    200 S. 5th St. Suite 300N
    Louisville, KY 40202
    Phone: (502) 574-4307
    John.carroll2@louisvilleky.gov
    Natalie.johnson@louisvilleky.gov
    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Defendants' Pretrial Memorandum was served via the Court's CM/ECF system, on the 6th day of September 2023, which will provide notice to all counsel or parties of record.