THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically Filed*

**SISTERS FOR LIFE, INC., et al.,**                                                   **PLAINTIFFS**

**v.**                                                                           Case No. 3:21-cv-00367-RGJ

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                                                    **DEFENDANTS**

<u>**PLAINTIFFS SISTERS FOR LIFE, INC., ANGELA MINTER, AND KENTUCKY RIGHT TO LIFE, INC.'S OBJECTIONS TO DEFENDANTS' WITNESS LIST AND EXHIBIT LIST**</u>

Plaintiffs, Sisters for Life, Inc., Angela Minter, and Kentucky Right to Life, Inc., providing the following objections to the Defendants belated Witness (Doc. 97) and Exhibit Lists (Doc. 98).

**1. All of Defendants exhibits and witnesses should be stricken for failure to comply with the scheduling order in this case**

First, the timing issue. Defendants filed these lists beyond the time permitted in the Court's scheduling order (Doc. 71). This Court warned the parties, in February, 2023, that "[n]o extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence." (Doc. 71 at ¶6). Defendants have failed to demonstrate "good cause beyond the control of counsel in the exercise of due diligence," and they failed to seek or file an "appropriate motion" "prior to the expiration of the deadline in question." In fact, Defendants have not even filed a motion asking for excusal of these late filings.

It is beyond question that the witness and exhibit lists were untimely filed. Further, Fed. R. Civ. P. 16(f)(1)(C) permits the Court to sanction a party for failing to obey a scheduling order.

Moreover, Fed. R. Civ. P. 37(c) provides that if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or harmless." The question becomes, therefore, whether Defendants have shown good cause or substantial justification for the tardy filings. Defendants bear the burden to show harmlessness. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Exclusion of testimony pursuant to Rule 37(c) is "automatic" unless the court finds the non-disclosure to be justified and harmless. *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004).

In *Colebrook v. Ky. Dep't of Motor Vehicle Enforcement*, 2011 U.S. Dist. LEXIS 15781 (KYED 2011), as here, Counsel attempted to file late witness and exhibit lists.  There, as here, "[t]he Court's scheduling order was clear and [Defendants have] not shown any compelling reason why he could not easily have complied with the order's unambiguous requirements."  *Id.* "Instead, ignoring the Court's order, the plaintiff lamely asserts that he should be allowed to file his witness and exhibit lists after the known deadlines because the defendants have not shown that they would be prejudiced by a late filing. But the issue is unexcused noncompliance, not prejudice. Plaintiff's witness and exhibit lists filed after the Court's well-known deadline are hereby stricken . . . ."  *Id.*, citing *Durgin v. Crescent Towing and Salvage, Inc.*, 2001 U.S. Dist. LEXIS 26259, 2001 WL 36105571, at * 1 (E.D. La. Oct. 18, 2001).  *See also Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).  The same result should follow here.

    **2.  Objections to Defendants' exhibits**

Defendants has proffered numerous exhibits that raise problems under the Federal Rules of Evidence, or that Defendant has failed to specifically identify.

2

First, Item #2 on their list (Doc. 97).  They propose to try and introduce the "2021 NAF Monthly Violence and Disruption Report."  They do so without anyone from the NAF on their witness list, no way to authenticate the report under FRE 901, no one with personal knowledge to testify to the report under FRE 602, and, presumably, they want to use the contents of that report for the truth of the matter asserted, which is inadmissible hearsay in violation of FRE 802.  Moreover, this report, which purports to document events at abortion clinics around the country, does not deal with, and in fact does not single out, any clinic in Louisville.  Thus, it is not relevant under FRE 402, and its probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the court, undue delay, and wasting time under FRE 403.  The report should be excluded under FRE 402, 403, 602, 802, and 901.

Next Item #3 on their list (Doc. 97), "Video from outside of the EMW Clinic."  This Court's scheduling order (Doc. 71), and FRCP 26(a)(3), requires in the disclosure "a description of each exhibit in sufficient detail to permit adequate identification thereof."  But Defendants do not identify what, exactly this video is, when it was taken, by whom, whether or not it has already been marked or identified in this case in a manner sufficient to identify it, and Defendants have not otherwise made it available to us for inspection.  Thus, they have violated the scheduling order and FRCP 26(a)(3)(A)(iii) with respect to this exhibit.  We object to it.  There may be other evidentiary objections to the video, but we do not know what the video contains, who took it, or anything else about it, and thus because of the lack of identification, cannot raise those objections at this time.  We reserve all evidentiary objections, including those under FRE 402, 403, 602, 802, and 901, in light of our inability to ascertain what it is that Defendants purport to identify.

Next Item #4 on their list (Doc. 97), "Open Study protest report." This is, yet again, a third party report whose author is not identified on their witness list. They identify this with no way to authenticate the report to comply with FRE 901, no one with personal knowledge to testify to the report under FRE 602, and, presumably, they want to use the contents of that report for the truth of the matter asserted, which is inadmissible hearsay in violation of FRE 802. Finally, its probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the court, undue delay, and wasting time under FRE 403. The report should be excluded under FRE 403, 602, 802, and 901.

Next Item #6 on their list (Doc. 97), "Photos of the "buffer zone" outside of the EMW Clinic.." This Court's scheduling order (Doc. 71), and FRCP 26(a)(3), requires in the disclosure "a description of each exhibit in sufficient detail to permit adequate identification thereof. But Defendants do not identify what, exactly these photos are, when they were taken, by whom, whether or not they have already been marked or identified in this case in a manner sufficient to identify them, and Defendants have not otherwise made them available to us for inspection. Thus, they have violated the scheduling order and FRCP 26(a)(3)(A)(iii) with respect to this exhibit. We object to them. There may be other evidentiary objections to the photos, but we do not know what the photos specifically are, who took it, or anything else about it, and thus because of the lack of identification, cannot raise those objections at this time. We reserve all evidentiary objections, including those under FRE 402, 403, 602, 802, and 901, in light of our inability to ascertain what it is that Defendants purport to identify.

Next Item #7 on their list (Doc. 97), they purport to identify "[a]ny exhibit attached to deposition testimony." That is equally inappropriate. *Row Equip., Inc. v. Terex USA, LLC*, 2019 U.S. Dist. LEXIS 202406 at *10 (NDGA 2019) (striking similar disclosure of "any exhibit to any

deposition"); *Craighead v. Russell Stanley Corp.*, 2000 U.S. Dist. LEXIS 4314 (LAED 2000) (striking similar designation). There were a myriad of exhibits used at depositions in this case, and certain of them have significant issues from an evidentiary standpoint. Had Defendants identified particular exhibits to particular depositions, we could identify and address them. We reserve all evidentiary objections, including those under FRE 402, 403, 602, 802, and 901, in light of our inability to ascertain what it is that Defendants purport to identify.

3. **Objections to Defendants' witness list**

FRCP 26(a)(3)(A)(i) requires disclosure of "the name and, if not previously provided, the address and telephone number of each witness." The Court's scheduling order equally required "[t]he witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;" (Doc. 71). And FRCP 26(a)(3)(A)(i) and the scheduling order directed the segregation between "may call" and "will call" witnesses, which Defendant failed to comply with.

Defendants identify several witnesses who are not on the Plaintiff's list, and whom they have failed to *ever* disclose the address and telephone number of (again that information has *never* been disclosed to Plaintiffs). (Doc. 97). Specifically, Ona Marshall and Meg Stern. *Id.* Courts have not hesitated to strike witnesses without the required disclosures – and for good reason – this information permits investigation and contact of witnesses in advance of trial for trial preparation – and prejudice flows from the lack of disclosure. *Lemmon v. Ayres*, 2013 U.S. Dist. LEXIS 118775 (SDOH 2013) (striking witnesses whose addresses and telephone numbers were not provided); *Garren v. CVS Rx Servs.*, 2021 U.S. Dist. LEXIS 38022 at *46-*51 (TNED 2021) (same). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the "potentially sanctioned party" to demonstrate harmlessness. *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010). Defendants have not done so here.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/Thomas Bruns_____
Thomas B. Bruns (KBA 84985)
4555 Lake Forest Drive, STE 330
Cincinnati, OH 45242
tbruns@bcvalaw.com
513-312-9890
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing to all counsel of record via CM/ECF, this 12 day of September, 2023.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)

6