THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically Filed*

**SISTERS FOR LIFE, INC., et al.,**                                            **PLAINTIFFS**

**v.**                                                                    Case No. 3:21-cv-00367-RGJ

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                                                  **DEFENDANTS**

### PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

Plaintiffs, Sisters for Life, Inc., Kentucky Right to Life, Inc., and Angela Minter, through Counsel, and pursuant to 42 U.S.C. §1988 and L.R. 54.2, move this Court to award their reasonable attorney fees and litigation expenses/costs. This motion is supported by the declarations of counsel, supporting exhibits, and the declaration of Jason Nemes, Esq. A memorandum in support is attached hereto and a proposed order is attached.

Respectfully submitted,

*/s/ Christopher Wiest*_____         */s/ Thomas Bruns*
Christopher Wiest (KY 90725)               Thomas B. Bruns (KBA 84985)
Chris Wiest, Atty at Law, PLLC             Bruns Connell Vollmar Armstrong LLC
50 E. Rivercenter Blvd., Ste. 1280         4555 Lake Forest Dr., Suite 330
Covington, KY 41011                        Cincinnati, OH 45242
513/257-1895 (c)                           tbruns@bcvalaw.com
chris@cwiestlaw.com                        513-312-9890
*Attorneys for Plaintiffs*

### MEMORANDUM IN SUPPORT

**I.   FACTS**

This case involved claims for declaratory and injunctive relief related to Defendants' buffer zone ordinance. (Doc. 1.). While this court, at first, denied preliminary injunctive relief (Doc. 55), the Sixth Circuit reversed (Doc. 63). After full discovery, extensive briefing (and additional briefing), and several evidentiary hearings (followed by yet additional briefing), on September 16,

1

2024, this Court issued a merits-based permanent injunction enjoining enforcement of the ordinance and declaring it unconstitutional on First Amendment grounds. (Doc. 157.). Judgment was thereafter issued in favor of Plaintiffs. (Doc. 158).

Now, Plaintiffs timely move for attorney fees and costs, supported by the declarations and exhibits of counsel, including invoices of counsel and expense logs. (*See* Decls. of Wiest and Bruns). Plaintiffs' motion is also supported with the declaration of an outside counsel who has reviewed the underlying invoices for reasonableness. (*See* Dec. Nemes). As explained below, the rates are consistent with recent fee awards in this market and with a market-rate study that has been commissioned and relied upon. *Id.* The attorney fees sought by firm and billing attorney are as follows:

| Attorney (and firm) | Hourly rate | Hours | Total |
|---|---|---|---|
| Thomas Bruns (Bruns Connell) | $550 (normal)<br>$250 (travel) | 180.1 (normal)<br>12.4 (travel) | $99,055.00<br>$3,410.00 |
| Chris Wiest (Chris Wiest Law) | $525 (normal)<br>$250 (travel) | 465.6 (normal)<br>10.2 (travel) | $244,400.00<br>$2,550.00_ |
| T.J. Roberts (Chris Wiest Law) | $250 | 3.2 | $800.00 |
| **TOTAL** | | | **$350,215** |

(*See* Decls. of Wiest, Bruns). Plaintiffs reserve the right to supplement for time spent on the Reply to this motion, or for any additional time incurred on any appeal to any attorney fee decision. *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 723-724 (6th Cir. 2016) (prevailing party attorney fees include time spent in litigating the fee application and defending any fee appeal). The total expenses sought by each firm are as follows:

| Firm | Expense total |
|---|---|
| Bruns Connell | $491.33 |

| Chris Wiest Law | $3,876.53 |
|---|---|
| **TOTAL** | **$4,367.86** |

(*See* Decls. of Wiest, Bruns).

## II. LAW AND ARGUMENT

### A. Plaintiffs are the Prevailing Party and are entitled to attorney fees and costs

Under 42 U.S.C. 1988(b), "[i]n any action or proceeding to enforce a provision of section[] …1983… the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…" Although the plain text of 42 U.S.C. 1988(b) makes it seem that an award of fees to the prevailing party is discretionary, U.S. Supreme Court precedent makes clear that the public policy considerations behind 42 U.S.C. 1988 – namely, to help ensure that parties who vindicate civil rights (often for others) are able to obtain competent and qualified counsel and are successful in doing so – render such fee awards virtually mandatory. "Although § 1988 uses permissive language regarding fee awards, 'the Supreme Court has read [§ 1988] as mandatory where the plaintiff prevails and special circumstances are absent.'" *Déjà Vu v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005). And, on the issue of "special circumstances," the Sixth Circuit has observed that "we have never (to our knowledge) found a 'special circumstance' justifying the denial of fees." *McQueary v. Conway*, 614 F.3d 591, 604 (6th Cir. 2010).

That is because when a plaintiff succeeds in remedying a civil rights violation he serves "as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) (per curiam). He therefore "should ordinarily recover an attorney's fee" from the defendant--the party whose misconduct created the need for legal action. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416 (1978) (internal quotation marks omitted). Fee shifting in such a case at once reimburses a

3

plaintiff for "what it cos[t] [him] to vindicate [civil] rights," *Riverside v. Rivera*, 477 U.S. 561, 577-578, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (internal quotation marks omitted), and holds to account "a violator of federal law," *Christiansburg*, 434 U.S. at 418.

"The touchstone of the prevailing party inquiry ... is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (internal citations and quotation marks omitted). "A material change 'directly benefits' a plaintiff by modifying the defendant's behavior toward him." *McQueary v. Conway*, 614 F.3d 591, 598 (6th Cir. 2010). And it is well settled that a permanent injunction confers prevailing party status. *Lefemine v. Wideman*, 568 U.S. 1 (2012); *see also Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011) (prevailing civil rights plaintiff "should ordinarily recover an attorney's fee from the defendant—the party whose misconduct created the need for legal action") (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416 (1978)).

And a plaintiff "crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." *Id.* at 603 (*quoting Tex. State Teachers Ass'n*, 489 U.S. at 790-91). "[C]ourts do not look to the number of claims on which the plaintiff succeeded, the magnitude of the relief obtained, or whether the plaintiff obtained the primary relief sought; the question is simply whether the plaintiff has won on at least one claim." *Woods v. Willis*, 631 F. App'x 359, 364 (6th Cir. 2015).

A reduction in attorney fees for a prevailing plaintiff "is to be applied only in rare and exceptional cases where specific evidence in the record requires it." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir.2005).

4

**B. The Amount of the Fees and Costs**

Computation of a prevailing party's fee award under § 1988 is by the lodestar method – multiplying the number of hours "reasonably expended on the litigation" by the reasonable hourly rate. *Wayne v. Village of Sebring*, 36 F.3d 517 (6th Cir. 1994); *Perdue v. Kenny A.*, 559 U.S. 542 (2010); *Anderson v. Wilson*, 357 F.Supp.2d 991, 995 (E.D. Ky. 2005). In computing the amount, the "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "If the fee applicant carries the burden of showing that the proposed hours and rate are reasonable, the proposed fee 'is presumed to be the reasonable fee contemplated by § 1988.'" *Anderson*, 357 F.Supp.2d at 955.

In awarding attorneys' fees, the "primary concern ... is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (internal quotations and citation omitted). Consequently, a reduction in attorney fees for a prevailing plaintiff "is to be applied only in rare and exceptional cases where specific evidence in the record requires it." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir.2005).

a. Reasonable hourly rates

In assessing the reasonableness of an hourly rate, a court "should initially assess the 'prevailing market rate in the relevant community,'" which is, "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd*, 227 F.3d at 350. When it comes to the determination of reasonable hourly rates, a district court is permitted to "rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar

5

fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011); *see also Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 447 (6th Cir. 2009).

The Sixth Circuit has observed that it is appropriate to consider: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

Recent cases in this district (and from this presiding judge) establish that rates between $537 and $646 per hour in this district are current market rates, based on a Price Waterhouse Coopers ("PwC") market rate study that the court found reliable. *Honorable Ord. of Ky. Colonels, Inc. v. Ky. Colonels Int'l.*, 2024 U.S. Dist. LEXIS 154478 (WDKY 2024) (market rates in the district on average are $537-$646 per hour, but awarding $520 per hour because that is what was asked for); *Structures USA, LLC v. CHM Indus., Inc.*, 2024 U.S. Dist. LEXIS 148626 (WDKY 2024) (market rates on average in the district between $537 and $646 per hour in this district are current market rates, but awarding $525 per hour because that is what was asked for); *Honorable Ord. of Ky. Colonels, Inc. v. Ky. Colonels Int'l.*, 2023 U.S. Dist. LEXIS 202723 (WDKY 2023) (market rates on average in the district between $537 and $646 per hour in this district are current market rates, but awarding $495 per hour to partner because that is what was asked for).

A few weeks ago, this Court observed that "[b]ecause this Court issued that order [in *Ky. Colonels Int'l.*] less than a year ago, it finds the PwC Report still reliable to determine local market rates. In short, the Court has such information at hand to satisfy it that the hourly rates billed are reasonable and commensurate with the rates charged by firms of comparable talent and experience in this district for work in this area of practice." *Ward v. Borders*, 2024 U.S. Dist. LEXIS 169214 at *12 (WDKY 2024).

Here, Mr. Bruns seeks $550 per hour and Mr. Wiest seeks $525 per hour. (Dec. Wiest; Dec. Bruns). Compensation is sought for Mr. Wiest's associate, Mr. Roberts, at $250 per hour. (Dec. Wiest). Travel time, unless accompanied by substantive legal work, was billed at half of normal time, at $250 per hour for Mr. Wiest and $275 per hour for Mr. Bruns, for travel to and from hearings for Mr. Wiest and Mr. Bruns. The Sixth Circuit has implied that travel time is fully compensable. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994) ("[Plaintiffs] correctly point out that . . . the time spent traveling is fully compensable."). And other Kentucky district courts are in accord. *See ACLU of Ky. v. McCreary Cnty., Ky.*, 2009 U.S. Dist. LEXIS 22206, 2009 WL 720904, at *4 (E.D. Ky. Mar. 13, 2009); *Crouch v. Rifle Coal Co., LLC*, 2010 U.S. Dist. LEXIS 74984, 2010 WL 2961181, at *4 (E.D. Ky. July 26, 2010). Nevertheless, to avoid a dispute over a trivial issue, counsel billed at half of the normal rate for travel to and from hearings unless substantive work was performed, in which case full hourly rates were charged.

Mr. Jason Nemes, an experienced civil rights litigator in Louisville, offers expert testimony on the issue of market rates in the Western District of Kentucky. (Declaration Nemes). He testifies that the requested hourly rates sought by Plaintiffs' Counsel are well within market. *Id.* He likewise opines that the hours worked are reasonable. *Id.* Mr. Nemes undertook a significant analysis of the rates sought in this matter. He opines that the rates are

7

"well within the range of fees charged by lawyers of comparable experience and skill who have been licensed for the period of time that they were when the work in this matter was performed." *Id.* at ¶11.

Mr. Nemes, also opines:

> I also take note of the importance of the issues raised by the Plaintiffs and advocated for by their attorneys in this litigation to all the citizens of the Commonwealth of Kentucky. And I recognize that not many attorneys were willing to take a case such as this because of the divisiveness of the underlying speech at issue. I did not put an amount on those considerations in my mind, but I note their importance to the question and to the appropriate amount of legal fees in this case. (Declaration Nemes, ¶ 16).

Finally, the declarations of Plaintiffs' Counsel demonstrate that they actually charge clients above the rates requested in this matter for federal court litigation. (See, e.g. Declaration Wiest; Declaration Bruns).

As noted, the rates set forth above by Plaintiff's Counsel are all in accordance with (or even below) the market rate ranges that this court found to be the relevant market, as set forth in *Ky. Colonels Int'l.*, 2024 U.S. Dist. LEXIS 154478; *CHM Indus., Inc.*, 2024 U.S. Dist. LEXIS 148626; and *Ky. Colonels Int'l.*, 2023 U.S. Dist. LEXIS 202723.

b. <u>Hours expended</u>

The standard of review for the time entries "is whether a reasonable attorney would have believed the work to be reasonably expended in the pursuit of success at the point in time when the work was performed." *Sweeney v. Crigler*, 2020 WL 7038977, *3 (E.D. Ky. Oct. 27, 2020) (citing *Human Rights Def. Ctr. v. Ballard*, 2020 WL 2513822, at *2 (E.D. Ky. May 15, 2020) (quoting *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990))).

All attorney fees and time that are related to the claims that resulted in a judgment are compensable, even if a particular motion, a particular claim, or a particular appeal, was not successful. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Indeed, the Supreme Court has

explained that a reduction of hours for unsuccessful claims is ***only appropriate*** where plaintiffs "fail to prevail on claims that were unrelated to the claims on which he succeeded." *Hensley*, 461 U.S. 424, 434. Thus, "[i]n other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories." *Id.* at 435. "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* "Such a lawsuit cannot be viewed as a series of discrete claims." *Id.* "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

Indeed, in cases such as this it is wholly improper to reduce hours or fees if portions of the litigation are not successful. *See DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006) (explaining inappropriate to reduce fees based on unsuccessful motions); *see also Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006) (holding that, where there is "an obvious and significant legal overlap" between claims, full recovery for counsel's services is appropriate under *Hensley*); *Imwalle v. Reliance Med. Prods.,* 515 F.3d 531 (6th Cir. 2008). And as was the case in *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 544 (6th Cir. 2019), "the [government can] cite[] no precedent in support of this theory [that claims should be reduced because the Plaintiff did not achieve each and every form of relief originally requested]."

Thus, "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 421 F.3d 417, 423 (6th Cir. 2005). The Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008).

9

Consequently, the Sixth Circuit has explained, "[t]he key requirement for an award of attorney fees is that [t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle, supra*, 515 F.3d 531, 553 (6th Cir. 2008).

Defendants' vigorous efforts to oppose injunctive relief required extensive briefing, multiple court hearings, and a vigorous and prolonged response by Plaintiffs to persevere. Consequently, Defendants should not now complain about the hours that these tasks and undertakings caused. Case law is clear that where significant hours are expended by plaintiffs due to the litigation tactics of the defendants, the defendants will not then be heard to complain. *See Torres v. Gristede's Operating Corp.*, 2012 U.S. Dist. LEXIS 127890 (S.D. NY. 2012) ("[t]he Court notes that much of the work performed by Plaintiffs was due to Defendants' choice of litigation tactics. Given the Defendants' vigorous approach to litigating this case, they cannot now complain as to the amount that Plaintiffs were forced to expend in response."); *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) (observing that "hours required to litigate even a simple matter can expand enormously" where "attorney is compelled to defend against frivolous motions and to make motions to compel [discovery] compliance"); *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343 (6th Cir. 2000) ("defendants' obstructive and dilatory litigation tactics" gave rise to the fees incurred). Here, and without question, each step in this litigation was contested, which required a significant amount of time, thus making the hours spent and claimed both reasonable and necessary.

As Mr. Nemes explains in his declaration, and after a review of the proceedings in all of the courts, "the hours worked and fees requested comport with, and are reasonable in light of the

10

factors contained in the Kentucky Rules of Professional Conduct 1.5 insofar as they accurately reflect the time and labor required in the prosecution of this matter, the difficulty of the questions involved, the skill required to perform the work properly, comport with fees customarily charged by others for similar legal services, and are appropriate in light of the results obtained." (Dec. Nemes at ¶17). That is because: "from the pleadings alone, I could determine that this case was litigated intensely." *Id.*

And his opinion has a solid foundation:

> I did not simply review the itemized billing records of Messrs. Bruns and Wiest, I also reviewed the major pleadings, motions/memoranda, and briefs drafted and filed on behalf of the Plaintiffs in this case. I compared the work product to the hours expended. In so doing, I considered not merely the length of the briefs, but the depth at which cases law and other legal authorities were examined, how extensively the record was cited to (in this case, a more time-consuming process in the briefs filed with the United States Sixth Circuit Court of Appeals),[1] and how much work product was recycled from brief to brief to brief. I considered against the backdrop of my own experience as a litigation attorney who has drafted hundreds of legal briefs over my career. From my experience, I know that, *inter alia*, for motions or appellate briefs where extensive citation to a record is required (as opposed to a motion to dismiss which needs only to cite to the complaint itself), more drafting time is required; that the number of cases cited in a brief does not necessarily correlate to the amount of research time expended particularly where the issue is rare or developing; and that even where work product can be recycled between legal memoranda or briefs addressed to the same issue, it many times needs to be re-shaped to account for differences in the procedural posture of the case, the increasing or decreasing prominence of the issue, space (page length / word count) considerations, a different audience (trial court / appellate court) and the like. (*Id.* at ¶20).

And he observed that:

> From the time records I reviewed, it was a fairly easy (if tedious) task to separate out the time charges for the various legal pleadings, memoranda, and briefs that were prepared in this case, which again, the time expended in this case primarily was spent

---

[1] He provided a footnote that stated: "Of course, the rules applicable to Sixth Circuit appeals also create more time-consuming requirements, including the preparation of a table of contents and table of authorities. Although Microsoft Word has tremendous time-saving tools for such tasks, there is still a high degree of manual work that goes into this process – especially with the table of authorities, which requires the authorities to be tagged to be included, with page references, in the table. The rules also require the appellant and appellee to address other topics in the briefs such as a jurisdictional statement, and a summary of the argument, which are undoubtedly important and helpful to the Court itself, but adds to the time it takes to prepare an appellate pleading."

11

on such activities (as opposed to developing a factual record via depositions, subpoenas, etc). Given the circumstances (in particular, the novelty of these legal challenges were raised, the rapid and contemporaneous development of legal precedent as this case was being litigated, and so forth as otherwise stated herein), I hold the opinion, to a reasonable degree of certainty as a practicing lawyer that the total hours spent in legal research and drafting to be reasonable and necessary for the litigation. (*Id.* at ¶21).

Likewise, to a reasonable degree of certainty as a practicing lawyer, it is my opinion that the amount of time spent on other tasks such as communications, correspondence, attendance at hearings and oral arguments, and so forth (a far smaller percentage of the overall hours spent) was reasonable and necessary for the litigation. I also note that Messrs. Wiest and Bruns appear to have avoided unnecessary or inappropriate charges from their respective time sheets and I am satisfied that the total hours, as well as the hours spent on each task and pleading/filing is reasonable. *Id.* at ¶22.

Mr. Nemes provides other observations and opinions about the time entries, but at bottom, he concludes that "it is my opinion, to a reasonable degree of certainty as a practicing lawyer, that any substantial reduction of an award of the attorney fees sought in this matter would have a substantial chilling effect on the vindication of civil rights matters in the future in this District. Congress enacted 42 U.S.C. 1988 to ensure that constitutional rights would be vindicated by competent counsel. No substantial deduction is, therefore, appropriate." *Id.* at ¶24.

c. Total fee calculations

The total lodestar attorney fees sought is as follows:

| **Attorney (and firm)** | **Hourly rate** | **Hours** | **Total** |
|---|---|---|---|
| Thomas Bruns (Bruns Connell) | $550 (normal)<br>$250 (travel) | 180.1 (normal)<br>12.4 (travel) | $99,055.00<br>$3,410.00 |
| Chris Wiest (Chris Wiest Law) | $525 (normal)<br>$250 (travel) | 465.6 (normal)<br>10.2 (travel) | $244,400.00<br>$2,550.00_ |
| T.J. Roberts (Chris Wiest Law) | $250 | 3.2 | $800.00 |
| **TOTAL** | | | **$350,215** |

12

(*See* Decls. of Wiest, Bruns). Plaintiffs reserve the right to supplement for time spent on the Reply to this motion, or for any additional time incurred on any appeal to any attorney fee decision. *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 723-724 (6th Cir. 2016) (prevailing party attorney fees include time spent in litigating the fee application and defending any fee appeal). The total time incurred was reasonable.

    d. <u>The costs claimed are reasonable and normally charged to paying clients</u>

In addition to attorney fees, 42 U.S.C. 1988 authorizes the Court to award reasonable costs and expenses. *See Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013). The Sixth Circuit has stated that, pursuant to § 1988, a court has the "authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services." *Northcross v. Board of Ed. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979). Those costs in this matter involve service of process fees, court reporter fees for depositions, filing fees, service of process fees to secure witnesses, and the like. The $4,367.86 in requested costs are reasonable and customary. (Dec. Wiest; Dec. Bruns; Dec. Nemes).

## III.   CONCLUSION

The Court should therefore award Plaintiffs reasonable attorney fees in the amount of $350,215 (plus additional time spent on the Reply in support of this motion), and costs/expenses in the amount of $4,367.86, for a total of $354,582.86.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher Wiest*_____ | */s/ Thomas Bruns* |
| Christopher Wiest (KY 90725) | Thomas B. Bruns (KBA 84985) |
| Chris Wiest, Atty at Law, PLLC | Bruns Connell Vollmar Armstrong LLC |
| 50 E. Rivercenter Blvd., Ste. 1280 | 4555 Lake Forest Dr., Suite 330 |
| Covington, KY 41011 | Cincinnati, OH 45242 |
| 513/257-1895 (c) | tbruns@bcvalaw.com |
| chris@cwiestlaw.com | 513-312-9890 |
| *Attorneys for Plaintiffs* | |

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon all counsel of record, this 11 day of October, 2024, via CM/ECF.

*/s/ Christopher Wiest*_____