**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

SISTERS FOR LIFE, INC., *et al.* Plaintiffs

v. Lead Civil Action No. 3:21-cv-0367-RGJ

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, *et al.* Defendants

***

EDWARD HARPRING, *et al.* Plaintiffs

v. Member Civil Action No. 3:21-cv-691-RGJ

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT Defendant

**PLAINTIFFS EDWARD HARPRING AND MARY KENNEY'S MOTION FOR ATTORNEYS' FEES**

Plaintiffs Edward Harpring and Mary Kenney by counsel, pursuant to 42 U.S.C. § 1988(b), and Local Rule 54.4, hereby move this Court for an award of attorneys' fees in the above-styled action. The requested fees are attributable to work spent preparing, filing, and litigating this matter, both in this Court and in the Sixth Circuit Court of Appeals. For the reasons set forth below, Plaintiffs' motion should be granted.

## I. Facts and Procedural History

The Court is familiar with the facts and procedural history of this case. Plaintiffs[1] brought this case challenging the constitutionality of Louisville's "safety zone" on First and Fourteenth Amendment grounds nearly three years ago. [Verified Complaint, 3:21-cv-691, DE 1.] After Plaintiffs' motion for a preliminary injunction was denied by the Court [DE 55], Plaintiffs appealed. The Sixth

[1] Unless otherwise noted, "Plaintiffs" refer to the consolidated plaintiffs, Edward Harpring and Mary Kenney.

Circuit reversed and ordered entry of a preliminary injunction in *Sisters for Life, Inc. v. Louisville-Jefferson Cty.*, 56 F.4th 400 (6th Cir. 2022), which this Court entered on January 3, 2023. [DE 64.].

Because fact discovery closed on January 21, 2022—weeks before the notice of appeal to the Sixth Circuit was filed—Plaintiffs filed a motion for summary judgment based on their First Amendment claim and responded to Defendant's motion to dismiss the complaint based on mootness. [DE 75 & 82.]

Pursuant to an order of the Court, an evidentiary hearing on Defendant's motion to dismiss was held on October 11, 2023. [DE 106.] After additional briefing based on the testimony at that hearing, the Court denied Defendant's motion to dismiss and ordered an additional evidentiary hearing. [DE 103.] After additional briefing based on that second evidentiary hearing, the Court granted Plaintiffs' motion for summary judgment and permanently enjoined enforcement of Louisville-Jefferson Ord. Code § 132.09(B)(2). [DE 157.]

Plaintiffs, having prevailed on the merits of their First Amendment claim and obtained the equitable remedy they sought in their complaint, timely move for an award of attorneys' fees.

## II. Argument

### A. Plaintiffs are Prevailing Parties

Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . ." This statute is an exception to the general rule that parties are to pay their own legal fees "in order to ensure that federal rights are adequately enforced." *Binta B. v. Gordon*, 710 F.3d 608, 620 (6th Cir. 2013) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). Congress allows fee-shifting in civil rights cases "to encourage litigation to enforce the provisions of the civil rights acts and constitutional civil rights provisions." *Morrison v. Davis*, 88 F. Supp. 2d 799, 801-02 (S.D. Ohio 2000).

The term "prevailing party" under § 1988 "is a legal term of art designating 'one who has been awarded some relief by the court . . .'" *Binta B.*, 710 F.3d at 620 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001)). It includes circumstances where a party "succeed[s] on any significant issue" on the merits. *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Most relevant here, the Sixth Circuit has held that permanent injunctive relief is the "quintessence of 'prevailing' status." *Hardrick v. City of Detroit*, 876 F.3d 238, 247 (6th Cir. 2017).

In fact, "the prevailing party inquiry does not turn on the magnitude of the relief obtained." *Binta B.*, 710 F.3d at 620 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). "A plaintiff crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790-91, (1989)).

Plaintiffs are undoubtedly the prevailing parties in this case. Plaintiffs' Verified Complaint sought a preliminary and permanent injunction against enforcement of the Ordinance. [3:21-cv-691, DE 1 at 16.] On September 13, 2024, the Court issued an opinion and order, in addition to a final and appealable judgment, awarding Plaintiffs' summary judgment on their free speech claim and permanently enjoining the County from enforcing Louisville-Jefferson Ord. Code § 132.09(B)(2). [DE 157 at 3473; DE 158.]

### B. An Award of Fees is Mandatory Under Section 1988 Because Plaintiffs Have Prevailed and There Are No Countervailing Special Circumstances.

While § 1988 uses permissive language regarding awarding fees to the prevailing party, "the Supreme Court has read [§ 1988] as mandatory where the plaintiff prevails and special circumstances are absent." *Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th Cir. 2014) (quoting *Déjâ Vu v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005)). "[A] non-prevailing defendant bears the burden 'to make a strong showing that special circumstances warrant a denial of fees.'" *Id.*

"[C]ourts have made clear that special circumstances should not be easily found." *Id.* Importantly, the Sixth Circuit has "never (to [its] knowledge) found a 'special circumstance justifying the denial of fees.'" *Id.* at 525.

There are no special circumstances in this case justifying the denial of attorneys' fees and Defendant cannot dispute that. In addition, the law is clear that fees may still be awarded at a reasonable rate for work done by public interest firms, such as the American Center for Law and Justice, which represents Plaintiffs in this action. *See Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) ("That a nonprofit legal services organization may contractually have agreed not to charge any fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party in a § 1983 action, calculated in the usual way."); *Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("In determining the amount of fees to be awarded, it is not legally relevant that plaintiffs' counsel . . . are employed by . . . a privately funded non-profit public interest law firm. It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys' fees.") (citing 8 Empl. Prac. Dec. at 5048-5049) (alterations in original).

### C. The Attorneys' Fees Requested By Plaintiffs Are Reasonable

The starting point for calculating a reasonable attorney's fee award is "to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). "This is known as the 'lodestar' calculation." *Id.* "Generally, a 'strong presumption' favors the prevailing lawyer's entitlement to [their] lodestar fee." *Honorable Ord. of Ky. Colonels, Inc. v. Ky. Colonels Int'l*, No. 3:20-cv-132-RGJ, 2023 U.S. Dist. LEXIS 202723, *2 (W.D. Ky. Nov. 13, 2023) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). For that reason, "deviations from the lodestar fee 'are proper only in certain 'rare' and

'exceptional' cases and must be supported by 'specific evidence' on the record." *Id.* (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

"To determine a reasonable hourly rate, courts use as a guideline the prevailing market rate, which is defined as 'the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). "[T]he appropriate rate is not necessarily the exact rate of a particular firm, but the market rate in the venue sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Id.* at 715-16 (citing *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007)). "A district court may look to 'a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Id.* (quoting *Van Horn v. Nationwide Prop. & Cas. Ins.*, 436 F. App'x. 496, 499 (6th Cir. 2011)).

Three recent decisions of Western District are instructive as to what constitutes a reasonable hourly rate in this venue. In *Honorable Ord. of Ky. Colonels, Inc.*, 2023 U.S. Dist. LEXIS 202723, at *6, this Court relied, *inter alia*, on a market fee report prepared by Price Waterhouse Cooper in determining a reasonable fee. *See id.* ("The Court uses the Price Report as a benchmark for reasonable market rates."). In *Structures USA, LLC v. CHM Indus., Inc.*, No. 3:21-cv-458-BJB, 2024 U.S. Dist. LEXIS 148626 (W.D. Ky. Aug. 20, 2024), Judge Beaton relied on this Court's decision in *Kentucky Colonels* finding "that $495 per hour for an experienced attorney was a reasonable rate." *Id.* at 3. Judge Beaton noted that this Court relied on the Price Waterhouse Cooper Report in *Honorable Ord. of Ky. Colonels, Inc.* and "approved a range of hourly rates extending as high as $495 for a senior partner." *Id.*

Finally, in a decision from two months ago, this Court again "use[d] the Price Report as a benchmark for reasonable market rates." *Honorable Ord. of Ky. Colonels, Inc. v. Ky. Colonels Int'l*, No. 3:20-cv-132-RGJ, 2024 U.S. Dist. LEXIS 154478, at *5 (W.D. Ky. Aug. 28, 2024). The Court held that a

rate of $520/hour was below the Price Report average of between $537 and $646 for others of similar experience levels. *Id.*

Based on the Price Report used in these three decisions, attached to the Declaration submitted herewith, Plaintiffs seek the following hourly rates for the work performed on this matter: $525 per hour for the work performed by Geoffrey R. Surtees; $590 per hour for the work performed by Francis J. Manion. As explained in the Declaration of the undersigned, Surtees has been an attorney at law with the American Center for Law & Justice for 23 years. Manion, prior to his retirement in early 2023, had forty-four years of experience as an attorney at law, with the last twenty-seven years practicing exclusively for the ACLJ. Surtees has been Senior Counsel with the ACLJ since 2005 and Manion was Senior Counsel for the entirety of his time practicing for the ACLJ. As also explained in the Declaration, both Surtees and Manion have extensive litigation experience involving the First Amendment and religious civil liberties, including cases brought under Title VII and the Religious Freedom Restoration Act. In fact, Surtees and Manion have many years of experience in litigating a similar case to the one at bar. As correctly observed by this Court in its September 13, 2024, Order and Opinion, counsel for Harpring and Kenney filed suit on behalf of a sidewalk counselor, Jeryl Turco, challenging the City of Englewood's buffer zone ordinance, in *Turco v. Englewood.* [DE 157 at 3460 n.16.] That case involved a summary judgment ruling, *Turco v. City of Englewood*, No. 2:15-cv-03008, 2017 U.S. Dist. LEXIS 189042 (D.N.J. Nov. 14, 2017), a bench trial, *Turco v. City of Englewood*, 621 F. Supp. 3d 537 (D.N.J. 2022), two appeals to the Third Circuit, *Turco v. City of Englewood*, 935 F.3d 155, 161 (3d Cir. 2019), *Turco v. City of Englewood*, No. 22-2647, 2024 U.S. App. LEXIS 2122, at *1 (3d Cir. Jan. 31, 2024), and a petition for a writ of certiorari that is currently pending before the U.S. Supreme Court in that case. *Turco v. City of Englewood*, New Jersey, No. 23-1189 (docketed May 3, 2024).

Surtees and Manion's expertise in this area of First Amendment law further substantiates the hourly rate they request in this "closely analogous case." [DE 157 at 3460 n.16.][2]

As the time sheets attached to the Declaration demonstrate, Surtees expended 303.4 hours in this case (for a subtotal of $159,285) and Manion 118.65 hours (for subtotal of $70,003.5). Thus, the total lodestar amount for Plaintiffs' attorneys' fees is $229,288.50.

### D. The Hours Expended on This Matter Were Reasonable

In assessing the lodestar amount, a court may also consider the twelve factors of *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in determining the lodestar fee or adjustments to it. *Honorable Ord. of Ky. Colonels, Inc. v. Ky. Colonels Int'l*, No. 3:20-cv-132-RGJ, 2024 U.S. Dist. LEXIS 154478, at *3 (W.D. Ky. Aug. 28, 2024).[3] Importantly, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 435. Moreover, in assessing fees, district courts are not required to "achieve auditing perfection" but instead must simply do "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *Husted*, 831 F.3d at 703.

Application of the *Johnson* factors, including the result achieved, firmly supports a full award of the lodestar amount requested by Plaintiffs. First, Plaintiffs were undeniably successful in obtaining

[2] In light of the Sixth Circuit's interlocutory decision in this case, *Sisters for Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400 (6th Cir. 2022), Plaintiffs chose to rely solely on that decision without addressing *Turco* in subsequent briefing before this Court. In fact, one of the key arguments of the certiorari petition in *Turco* is that the Third Circuit's decisions have created a circuit split with Sixth Circuit's decision in *Sisters for Life*, necessitating Supreme court review. *See* Petition, *Turco v. City of Englewood, New Jersey*, No. 23-1189 (U.S., docketed May 3, 2024), at 16, 17, 20, 21, 23–26, 34.

[3] The *Johnson* factors are "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* (quoting *Reed v. Rhodes*, 179 F.3d 453, 471-72 n.3 (6th Cir. 1999)).

the relief they sought: a preliminary injunction, followed by a permanent injunction. Importantly, the permanent injunction does not just protect Plaintiffs in the exercise of their First Amendment liberties, but *all persons* who wish to enter or remain within hundreds of buffer zones to engage in any speech of their choosing. In other words, as a result of this lawsuit, the right to speak freely on public sidewalks, which occupy a "special position in terms of First Amendment protection," *McCullen v. Coakley*, 573 U.S. 464, 476 (2014) (citation omitted), has been preserved. "When a plaintiff succeeds in remedying a civil rights violation . . . he serves as a private attorney general, vindicating a policy that Congress considered of the highest priority." *Fox*, 563 U.S. at 833 (internal citations and quotation marks omitted). *See also City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) (". . . a plaintiff who obtains relief in a civil rights lawsuit 'does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest importance.'").

The other *Johnson* factors further support a full award of the lodestar amount. For example, there can be no doubt that the time and labor required by this case, which involved the important issue of when, how, and why a municipality may destroy the nature of a traditional public forum by silencing the speech thereon, were more than appropriate. In addition, the fact that an interlocutory appeal was necessary in this case demonstrates that the legal issues involved were complex and not readily resolved. Indeed, this Court thought it necessary to have two evidentiary hearings to aid in its adjudication of Plaintiffs' claims and the County's defenses. In short, this case does not present a "rare" or "exceptional" situation where deviation from the lodestar fee is appropriate. *Honorable Ord. of Ky. Colonels, Inc.*, 2023 U.S. Dist. LEXIS 202723, *2.

After nearly three years of litigation, Plaintiffs have prevailed on their First Amendment claim and have received a court order enjoining the County from enforcing the provision of the Ordinance that gave rise to this suit. Plaintiffs are entitled under 42 U.S.C. § 1988 for the time and labor involved in having their First Amendment liberties, as well as the rights of others, vindicated by this Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendant to pay Plaintiffs' attorneys fees in the amount of $229,288.50.

Respectfully submitted on this 11th day of October 2024,


/s/ Geoffrey R. Surtees
Geoffrey R. Surtees
American Center for Law & Justice
Post Office Box 60
New Hope, Kentucky 40052
Tel. 502-549-7020; Fax 502-549-5252
gsurtees@aclj.org

Counsel for Plaintiffs Harpring and Kenney


## CERTIFICATE OF SERVICE

I certify that I have served the foregoing via the Court's CM/ECF system, which will provide notice to all counsel or parties of record, on this 11th day of October 2024.


/s/Geoffrey R. Surtees
Geoffrey R. Surtees
Counsel for Plaintiffs Harpring and Kenney