**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: July 15, 2026

Mr. Thomas Bernard Bruns
Bruns, Connell, Vollmar & Armstrong
4555 Lake Forest Drive
Suite 330
Cincinnati, OH 45242

Ms. Natalie Suzanne Johnson
Jefferson County Attorney's Office
Civil Division
200 S. Fifth Street
Suite 300N
Louisville, KY 40202

Ms. Abigail Ann Southerland
American Center for Law & Justice
625 Bakers Bridge Avenue
Suite 105-121
Franklin, TN 37064

Mr. Geoffrey R. Surtees
American Center for Law and Justice
P.O. Box 60
New Hope, KY 40052

Mr. Christopher David Wiest
Law Office
50 E. Rivercenter Boulevard
Suite 1280
Covington, KY 41011

Re: Nos. 25-5888/5890, *Sisters for Life, et al v. Louisville-Jefferson Cnty. Metro Gov't, et al.*
Originating Case Nos. 3:21-cv-003673:21-cv-00691

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. James J. Vilt Jr.

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0307n.06

Case Nos. 25-5888/5890

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Jul 15, 2026
KELLY L. STEPHENS, Clerk

SISTERS FOR LIFE, INC.; ANGELA MINTER; KENTUCKY RIGHT TO LIFE ASSOCIATION, INC. (25-5888); EDWARD HARPRING; MARY KENNEY (25-5890),

Plaintiffs-Appellants,

v.

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT (25-5888 & 25-5890); GREG FISCHER; ERIKA SHIELDS; MIKE O'CONNELL (25-5888),

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

OPINION

Before: SUTTON, Chief Judge; GRIFFIN and NALBANDIAN, Circuit Judges.

SUTTON, Chief Judge. The plaintiffs, all pro-life advocates and organizations, sued to enjoin a Louisville-Jefferson County ordinance that prevented them from speaking, pamphleteering, and praying within ten feet of abortion clinics. The district court granted the plaintiffs' motions for summary judgment in relevant part and permanently enjoined the ordinance for lack of narrow tailoring. When the claimants moved for attorney's fees, the district court determined that they had obtained only "technical or de minimis" success and duplicated legal work in the two consolidated cases. R.170 at 17 (quotation omitted). It docked their fees by fifty

percent. Because the district court understated the scope of plaintiffs' success and failed to explain the alleged duplication in work, we reverse and remand.

I.

This appeal involves two consolidated cases. Sisters for Life, Angela Minter, and Kentucky Right to Life filed one of the cases. Edward Harpring and Mary Kenney filed the other case. The district court consolidated the cases, and for purposes of this appeal we will refer to the plaintiffs collectively as the claimants.

The claimants hand out pamphlets, offer counsel, and openly pray outside of EMW Women's Surgical Center, an abortion clinic in Louisville, Kentucky. They call their practice "sidewalk ministry," R.28 ¶¶ 11–13, and seek to provide "compassion, empathy," and information about "alternatives to abortion" to people entering and exiting the clinic, R.75-1 at 4, 7.

In 2021, the County enacted an ordinance that created a "buffer zone" around all healthcare facilities in the area. Louisville-Jefferson Ord. Code § 132.09(B)(2). The ordinance prohibits the public from accessing a ten-foot zone outside healthcare facility entrances and sidewalks unless they are using the facility, using the sidewalk to reach a different destination, or working for the local government or the facility. *Id.* With the ordinance in place, the claimants could no longer "initiate the close, personal conversations that [they] view as essential to [] sidewalk ministry" or even pray for the mothers and babies involved from inside the buffer zone. R.28 ¶¶ 36–37.

The claimants sued the County under § 1983, alleging that the ordinance violated their rights under the First (and Fourteenth) Amendment and Kentucky law. They principally argued that the ordinance was not a "narrowly tailored" limit on their speech and "fail[ed] to leave open alternative channels for communication." R.28 ¶¶ 55–56. They moved for a preliminary

injunction, which the district court denied. We reversed the district court's decision. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400 (6th Cir. 2022).

EMW stopped providing abortions when Kentucky imposed a near-total ban on abortions after the U.S. Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022). *See* Ky. Rev. Stat. §§ 311.772, .723. The County filed a motion to dismiss, arguing that the lack of abortions at the clinic mooted the controversy. The district court denied the motion because the claimants still visit the clinic regularly to demonstrate and pray and because the ordinance remains on the books.

The district court granted summary judgment to the claimants on their free-speech claim because the ordinance was not narrowly tailored. It entered a permanent injunction preventing the County from enforcing the ordinance.

The claimants sought attorney's fees and costs. The district court reduced the requested hourly rates and found that the claimants may have duplicated legal efforts across consolidated cases and achieved only limited success. It docked the requested fees by 50% and denied certain costs. The claimants requested $599,566.36, and the district court awarded them $212,788.16. The claimants appeal.

II.

As a "prevailing party" in this § 1983 civil rights action, the claimants are entitled to "a reasonable attorney's fee." 42 U.S.C. § 1988(b). In determining the fee, the district court calculates the "lodestar figure—the product of reasonable hours times a reasonable rate." *Murphy v. Smith*, 583 U.S. 220, 227 (2018) (quotation omitted). After that, the district court may raise or lower the amount given the plaintiff's degree of success and other factors. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

We review the district court's fee award for abuse of discretion. *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). That "[s]ubstantial" discretion, *id.*, however, "is not unlimited," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). An abuse of discretion occurs if the district court "relies upon clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *Ne. Ohio Coal.*, 831 F.3d at 702 (quotation omitted).

The claimants challenge three aspects of the attorney's fees ruling: the district court's reduction in the proposed hourly rates based on comparable rates in the area, its reduction in hours charged based on duplication of efforts, and its reduction of fees based on limited success.

*Reduction in proposed hourly rates*. The district court should look to "prevailing market rates in the relevant community" to determine the reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). It may consider a wide array of factors, including "a party's submissions, awards in analogous cases," "an attorney's skill level," "and its own knowledge and experience in handling similar fee requests." *Ne. Ohio Coal.*, 831 F.3d at 716 (quotation omitted).

The district court did just that. The claimants requested rates ranging from $525 to $590 for experienced lawyers and $250 for a freshly barred lawyer. After evaluating the relevant factors, the district court awarded hourly rates of $400 and $375 for the seasoned lawyers and $175 for the new attorney. The court pointed to cases with similar civil rights claims that had rates as low as $210 and as high as $400, and distinguished cases with higher rates as involving more technical subject matter. The court fairly considered the attorneys' levels of experience, the type of legal claims at issue, and rates in analogous cases. *See Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994); *Blum*, 465 U.S. at 898.

The claimants insist that the district court should have accepted the higher rates identified in a report that they submitted. But the court offered permissible reasons for rejecting those rates. Federal courts in the area that have invoked the report did so mostly in trademark and intellectual-property cases, and the report gathered rates for lawyers from "large regional law firm[s]." R.170 at 12. Specialized rates for intellectual-property lawyers do not dictate the proper rates for a free-speech case. And, contrary to the claimants' argument, the district court did not rely on firm size alone in making this rate reduction. All in all, in reducing the claimants' proposed hourly rates by about 30%, the district court reasonably considered attorney experience, the subject matter of the lawsuit, analogous cases, and analogous rates. No abuse of discretion occurred.

*Reduction of hours charged*. A district court's goal in calculating reasonable hours spent is "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). This rough-justice inquiry requires the court to "identify the salient features of its decision-making process and apply them to the case at hand." *Freed v. Thomas*, 137 F.4th 552, 561 (6th Cir. 2025).

The district court determined that the claimants' proposed hours "may have" included "duplicative efforts" between attorneys. R.170 at 16. While the district court said that it was "difficult to assess specific duplicative efforts," it still "accounted for" the point in its post-lodestar reduction. R.170 at 16.

We have too little to go on to determine whether the district court acted within, or exceeded, its discretion. *See Freed*, 137 F.4th at 561. The court did not say how much of its substantial fee reduction—50%—resulted from duplicated work, did not describe what that duplicated work was, and did not explain why separate lawsuits preclude some compensable overlapping work. On remand, the court must answer these questions and explain how they affected the large reduction in this fee request.

In assessing any duplication between the two consolidated cases, the question turns on reasonableness. As to that, the court should consider why two sets of plaintiffs may not target the same law in different lawsuits and why some duplication in legal work is not appropriate if the lawyers need to promote different goals of their respective clients. Surely a district court's decision to consolidate two cases does not by itself prevent the lawyers in each case from obtaining a reasonable fee award. *Cf. Hall v. Hall*, 584 U.S. 59, 67–68 (2018). "[D]istinct" cases, *id*., often deserve distinct legal services. The district court never asked the claimants to submit one set of briefs in these consolidated cases, presumably because the cases had distinct interests, distinct parties, and distinct arguments. At all events, neither the district court nor the County has pointed to any case that says consolidation by itself justifies reducing the fee award for each set of lawyers.

*Reduction based on degree of success*. After calculating the quantity and rate of attorney hours, a district court may adjust the fee award based on "other considerations," the most important of which is the "results obtained." *Hensley*, 461 U.S. at 434, 436. Where plaintiffs have "achieved only partial or limited success," fees should be limited accordingly. *Id*. at 436.

"The result is what matters." *Id*. at 435. In this instance, the litigation permanently "alter[ed] the legal relationship between" the parties and permanently prevented the County from enforcing the buffer zone against the claimants. *McQueary v. Conway*, 614 F.3d 591, 604 (6th Cir. 2010). The County, notably, has not repealed the ordinance to this day.

Even so, the district court claimed that this victory was "technical or *de minimis*." R.170 at 17. It explained that the claimants "failed to establish any burden the buffer zone imposes on these speech activities," such as their praying and demonstrating. R.170 at 17. But we have previously rejected attempts to cabin fees "[w]hen a plaintiff obtains the *greater* victory (striking

a statute . . . on its face) rather than the narrower victory (striking the statute as applied only to hi[m])." *McQueary*, 614 F.3d at 603.

The court's other reasons for its fifty-percent reduction also do not justify it. Contrary to the district court's decision, *Dobbs* does not diminish the claimants' success. With the ordinance still on the books because the County has not repealed it, the permanent injunction is the only reason that the claimants may gather to pray and demonstrate peacefully at the clinic. *Dobbs*' interpretation of the Due Process Clause has nothing to do with that relief. The free-speech injunction amounts to the only permanent barrier between the actions of the claimants and potential liability.

That the claimants raised four grounds for invalidating the ordinance (Free Speech, Free Exercise, Freedom of Assembly, and the Kentucky Religious Freedom Restoration Act) and won on just one (Free Speech) also does not permit a reduction for limited success. The invocation of "alternative legal grounds for a desired outcome," together with a "court's rejection of or failure to reach certain grounds," does not by itself provide "a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435.

The County's reliance on *Farrar v. Hobby*, 506 U.S. 103, 114 (1992), for a contrary conclusion gives comparison a bad name. *Farrar* held that a plaintiff's "technical" victory, receiving only nominal damages and not the requested compensatory damages, warranted a significant reduction. *Id*. The Court reasoned that the award established the "failure to prove an essential element of his claim for monetary relief." *Id*. at 115. No such failure occurred here. The lawsuit led to a permanent injunction, which is just what the claimants sought. On this record, the district court exceeded its discretion in reducing the award based on lack of success.

III.

*Costs*. The claimants also appeal the district court's denial of certain costs. We review the denial of costs for abuse of discretion. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013).

The district court "may tax as costs" certain enumerated litigation charges. 28 U.S.C. § 1920; *accord Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 includes "[f]ees of the clerk and marshal; [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; [and f]ees and disbursements for printing and witnesses," among others. 28 U.S.C. § 1920. As a general rule, § 1920 costs are "incurred by a[n attorney] to be paid to a third party, not the attorney for the case, which cannot reasonably be considered to be attorney's fees." *Northcross v. Bd. of Educ. of Memphis City Schs.*, 611 F.2d 624, 639 (6th Cir. 1979).

The claimants maintain that the district court exceeded its discretion when it refused to grant costs for transcribing a council meeting, process server fees for a witness, and PACER research, amounting to just over $1,000. We can make short work of each contention.

The district court fairly excluded the cost of the council meeting transcript based on a lack of relevance to the case. It found that the claimants had not demonstrated that the transcription was "reasonably necessary" for this litigation. R.170 at 20 (quotation omitted); *see* 28 U.S.C. § 1920(2) (limiting transcript costs to those "obtained for use in the case"). Whether below or here, the claimants still have not shown what made the transcript a necessity. The court permissibly excluded the process server costs because the claimants never showed that they paid the charges to "the clerk [or the] marshal," as required by the statute. 28 U.S.C. § 1920(1). And the court permissibly excluded the PACER research charges, as none of the enumerated categories

of costs covers them. *See id.*; *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (per curiam) (holding that "computerized legal research" is "clearly nonrecoverable" under § 1920).

Even if all of this is true, the claimants argue, the district court could have granted these same costs under 42 U.S.C. § 1988. It is not that easy. Yes, that statute permits an award of "incidental and necessary expenses incurred in furnishing effective and competent representation" as part of an attorney's fee award. *Northcross*, 611 F.2d at 639 (quotation omitted). But § 1988 is not a workaround for failed § 1920 costs. When § 1920 covers a category of costs, we look exclusively to that statute, not to § 1988, to determine eligibility. *See W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86–88, 102 (1991). The claimants' requested transcript and subpoena fees come within § 1920's ambit, but do not satisfy the statute's limitations. *See* 28 U.S.C. § 1920. As for the PACER charges, to be sure, § 1988 may permit them in some circumstances because § 1920 does not directly cover them. *See, e.g.*, *Waldo*, 726 F.3d at 827. Still, the claimants have not shown that the district court abused its discretion in rejecting this $60 charge.

We reverse and remand for further proceedings in accordance with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Nos. 25-5888/5890

SISTERS FOR LIFE, INC.; ANGELA MINTER; KENTUCKY RIGHT TO LIFE ASSOCIATION, INC. (25-5888); EDWARD HARPRING; MARY KENNEY (25-5890),

Plaintiffs - Appellants,

v.

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT (25-5888 & 25-5890); GREG FISCHER; ERIKA SHIELDS; MIKE O'CONNELL (25-5888),

Defendants - Appellees.

**FILED**
Jul 15, 2026
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; GRIFFIN and NALBANDIAN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Kentucky at Louisville.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of the court.

**ENTERED BY ORDER OF THE COURT**

Kelly L. Stephens, Clerk