**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

SISTERS FOR LIFE, INC., *et al.* Plaintiffs

v. Lead Civil Action No. 3:21-cv-0367-RGJ

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, *et al.* Defendants

***

EDWARD HARPRING, *et al.* Plaintiffs

v. Member Civil Action No. 3:21-cv-691-RGJ

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT Defendant

**PLAINTIFFS EDWARD HARPRING AND MARY KENNEY'S MOTION FOR ATTORNEY'S FEES AND COSTS INCURRED ON APPEAL**

Plaintiffs Edward Harpring and Mary Kenney, by counsel and pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2), LR 54.3 and 54.4, and Fed. R. App. P. 39(f)(4), respectfully move for an award of supplemental attorney's fees and costs incurred in successfully prosecuting their appeal to the United States Court of Appeals for the Sixth Circuit (No. 25-5890) and in preparing this motion following remand.[1]

Plaintiffs file this motion promptly following issuance of the mandate.

## I. Procedural background.

This Court entered final judgment in Plaintiffs' favor, permanently enjoining enforcement of Louisville-Jefferson Ordinance Code § 132.09(B)(2). [DE 157 & 158]. The County did not appeal, and the injunction remains in force. This Court then awarded attorney's fees under 42 U.S.C. § 1988

[1] Unless otherwise noted, the term "Plaintiffs" refers to the Member Plaintiffs in this consolidated action, Edward Harpring and Mary Kenney.

but reduced the lodestar by fifty percent. [DE 170]. Plaintiffs appealed that reduction. [DE 172].

On July 15, 2026, the Sixth Circuit reversed. It held that this Court "understated the scope of plaintiffs' success" and "failed to explain the alleged duplication in work." *Sisters for Life, Inc. v. Louisville-Jefferson County Metro Government*, Nos. 25-5888/5890, 2026 LX 388335, at *2 (6th Cir. July 15, 2026). The judgment provides that the district court's judgment is "REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of the court." [DE 175 at 3715].

After judgment, and before the mandate issued, Plaintiffs timely filed a bill of costs with the Sixth Circuit pursuant to Fed. R. App. P. 39(e)(3)(A), seeking the $600 docketing fee taxable under Rule 39(e)(1)(B).

The mandate was issued on August 13, 2026. [DE 176]. The mandate noted that Plaintiffs' request for costs, i.e., the $600.00 docketing fee, is pending. [*Id.*]

Plaintiffs prevailed on appeal, and this motion seeks fees and costs, i.e., the $5.00 filing fee, incurred on appeal and in preparing this motion. Plaintiffs will seek fees incurred in any further remand proceedings at the appropriate time or on a schedule set by the Court.

## II. This Court is the proper forum for an award of fees incurred on appeal.

The Sixth Circuit has long held that a request for § 1988 fees for work performed on appeal should be addressed, in the first instance, to the district court. "[I]n making awards for appellate services, 'the district court is the forum to which the application for attorney fees ought to be addressed.'" *Monroe v. FTS USA, LLC*, 17 F.4th 664, 671 (6th Cir. 2021) (quoting *Smith v. Detroit Bd. of Educ.*, 728 F.2d 359, 359 (6th Cir. 1984)). *See also O'Bryan v. County of Saginaw*, 722 F.2d 313, 314 (6th Cir. 1983) ("[T]his Court has ruled that issues concerning the award of attorney's fees for the prosecution of an appeal address themselves in the first instance to the District Court."); *Kelley v. Metropolitan County Board of Education*, 773 F.2d 677, 682 (6th Cir. 1985) (en banc) (consideration and disposition of the issue "is pragmatically left to the forum of the trial court"); *Lamar Advertising Co. v.*

*Charter Township of Van Buren*, 178 F. App'x 498, 502 (6th Cir. 2006) ("The district court is the generally appropriate forum for motions for attorney fees under § 1988, even fees on appeal.").

**III. Plaintiffs are prevailing parties entitled to fees for the appeal.**

As this Court previously held, and the Sixth Circuit affirmed, Plaintiffs are prevailing parties. They obtained a final judgment permanently enjoining enforcement of Louisville-Jefferson Ordinance Code § 132.09(B)(2), the "quintessence of 'prevailing' status." *Hardrick v. City of Detroit*, 876 F.3d 238, 247 (6th Cir. 2017). The County did not appeal that judgment, and the Ordinance remains enjoined.

A prevailing party under § 1988 may recover for time reasonably expended on appeal, not merely in the district court. *See Lavin v. Husted*, 764 F.3d 646, 648–52 (6th Cir. 2014); *see also Perry v. Autozone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015) ("Plaintiffs prevailed in this appeal, and thus are entitled to an award of attorney's fees for work incurred relating to this appeal"); *Riley v. Kurtz*, 361 F.3d 906, 915 (6th Cir. 2004) ("[U]nder § 1988, fees are awarded to prevailing parties for work done by attorneys at trial, post-trial, and on appeal."). The relevant inquiry "is simply whether the party seeking compensation substantially prevailed at the appellate level." *Kelley*, 773 F.2d at 682. Plaintiffs did. They presented one issue—the propriety of the fifty-percent reduction—and obtained a reversal.

That the appeal concerned the fee award itself is no obstacle. Time reasonably spent litigating a statutory-fee claim, including time spent successfully prosecuting or defending a fee appeal, is compensable under § 1988. *See Weisenberger v. Huecker*, 593 F.2d 49, 54 (6th Cir. 1979).

**IV. The requested rate is the rate this Court already found reasonable.**

Plaintiffs do not ask this Court to revisit its hourly-rate determination. They request the same rate this Court previously found reasonable: $375.00 per hour for Mr. Surtees. [DE 170 at 3682]. All appellate and fee-application work for which compensation is sought was performed by

Mr. Surtees.

**V. The requested hours are reasonable and reflect billing judgment.**

A reasonable fee is calculated under the lodestar method by multiplying a reasonable hourly rate by the number of hours reasonably expended. *See Sisters for Life*, 2026 LX 388335, at *5 (quoting *Murphy v. Smith*, 583 U.S. 220, 227 (2018)).

The requested hours reflect the exercise of billing judgment. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority."). Contemporaneous time records supporting the request are attached to the accompanying Declaration of Geoffrey R. Surtees.

**VI. Costs on appeal.**

The $5.00 statutory fee for filing the notice of appeal under 28 U.S.C. § 1917 is taxable in this Court. Fed. R. App. P. 39(f)(4) makes "the fee for filing the notice of appeal" taxable in the district court, and Rule 39(a)(3) provides that, when a judgment is reversed, costs are allocated against the appellee. Rule 39(c) confirms that this allocation governs costs taxable in both the court of appeals and the district court. The Sixth Circuit reversed, and the $5.00 fee was actually incurred.

The separate $600.00 appellate docketing fee is taxable in the court of appeals. Fed. R. App. P. 39(e)(1)(B). Plaintiffs filed a timely bill of costs in the Sixth Circuit as to that item and the disposition of those costs remains pending.

**VII. Amount requested.**

Plaintiffs request the following fees and costs incurred on appeal and for preparation of this motion:

| Description | Hours | Rate | Total |
|---|---|---|---|
| Appellate work — briefing and related tasks | 78 | $375.00 | $29,250.00 |
| Preparation of this motion | 7.5 | $375.00 | $2,812.50 |
| Cost: statutory fee for filing notice of appeal, 28 U.S.C. § 1917 (Fed. R. App. P. 39(f)(4)) | — | — | $5.00 |
| **TOTAL REQUESTED** | 85.5 | | **$32,067.50** |

### VIII. Additional fees incurred after this motion.

Plaintiffs will supplement this fee request to include the reasonable fees incurred in preparing any reply.

Plaintiffs will also seek fees incurred in other remand proceedings at the appropriate time or on a schedule set by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and award Plaintiffs $32,067.50 in supplemental attorney's fees and costs incurred on appeal and in preparing this motion, calculated at the rate of $375.00 per hour and inclusive of the $5.00 statutory fee for filing the notice of appeal.

Respectfully submitted on this 13th day of August 2026.

/s/ Geoffrey R. Surtees
Geoffrey R. Surtees
American Center for Law & Justice
P.O. Box 60
New Hope, KY 40052
(502) 827-0951
gsurtees@aclj.org

*Counsel for Plaintiffs Harpring and Kenney*

**CERTIFICATE OF SERVICE**

I certify that on the date of filing, the foregoing was filed via the Court's CM/ECF system, which will serve notice on all counsel of record.

/s/ Geoffrey R. Surtees
Geoffrey R. Surtees
American Center for Law & Justice
P.O. Box 60
New Hope, KY 40052
(502) 827-0951
gsurtees@aclj.org

*Counsel for Plaintiffs Harpring and Kenney*